BERNHARD MAYER, Respondent,

*vs.*

JOHN M. GRIFFIN, Appellant.

APPEAL FROM THE DANE CIRCUIT COURT.

Service of summons and complaint by leaving a copy thereof at the work-shop of the defendant with his hired man, is not a compliance with the statute, nor sufficient to give the court jurisdiction of the person of the defendant.

The action was by summons and complaint in the usual form. The following is the return of the Sheriff of the service:

" On the 6th day of March, 1857, I served the within summons and complaint on the within named defendant, John M. Griffin, by leaving a copy of the said summons and complaint at his usual place of abode, he being temporarily absent therefrom, with G. T. Gohan, a person of suitable age and discretion, who I informed of their contents, the said Gohan being a workman in the employ of said defendant in his shop at such abode, and conducting his business there."

On the 25th day of March, 1857, Wakeley & Tenney served a notice of special retainer for the defendant for the purpose of making the notice herein, and also a copy of the motion, viz: to dismiss all proceedings in the action for want of jurisdiction of the person of the defendant, for the reason that no service had been made upon him, and for other reasons apparent on the record; which was founded upon the papers in the case and the following affidavit:

" DANE COUNTY, ss. John M. Griffin, being duly sworn, says he is informed and believes that an action has been com-

menced against him in the Circuit Court for Dane county, by Bernhard Mayer, plaintiff; that said action was commenced on the 4th day of March, A. D. 1857; and this deponent further says, on his own knowledge, that at the time last named he was not in the State of Wisconsin, and had no family or member of his family in said State; that the summons and complaint, if any, in said action, nor either of them, were ever served on this deponent, nor on any member of his family, at any place whatever—as this deponent is informed and believes, and this deponent has never seen said summons and complaint nor any copy thereof, and only knows of their existence by information casually received by deponent, and further saith not."

The motion was argued at the August special term, 1857, and was overruled by the court with ten dollars costs. From which order the defendant appealed.

*Crawford, Wakeley & Tenney* for the Appellant.

*Smith & Keyes* for the Respondent.

*By the Court*, SMITH, J. The fourth subdivision of section 39 of the code of procedure, provides that in all other cases (except corporations, minors and lunatics) the summons shall be served by delivering a copy thereof to the defendant personally, or if not found, by leaving a copy thereof at his usual place of abode in presence of some one of the family of suitable age and discretion, who shall be informed of the contents thereof.

The certificate of service endorsed on the summons falls short of the requirements of this provision. The affidavit of the appellant shows that he was out of the State at the date

of the alleged service, and had no family, nor any member of his family, in said State. The Sheriff states that he left a copy of the summons with one G. T. Gohan, a workman in the employ of said appellant, in his shop *as such abode,* and conducting his business. He does not state that Gohan was a member of Griffin's family, but a workman in his employ. This is clearly insufficient. The service must be by leaving a copy with a member of the family of the defendant, and by informing such member of its contents. We cannot infer that a hired workman in the shop of a person is a member of his family. The contrary intendment is the most natural. The service was not sufficient to give the court jurisdiction of the person of the defendant, and the suit ought to have been dismissed.

Order of the court below reversed.