## James Gaines v. William Gaines.

1. LIBEL—*Evidence of Repetition of Defamatory Matter Admissible to Prove Malice.* —In the trial of an action for libel, evidence of a repetition by the defendant of the defamatory matter complained of, is admissible to prove malice, and the plaintiff may give in evidence other publications, being of like import to those declared upon, or explanatory of any ambiguity contained therein.

2. SAME—*Verbal Repetition of Libelous Matter Admissible to Prove Malice.*—A verbal repetition of libelous matter is admissible to prove malice.

3. SAME—*Evidence Admissible to Explain Terms Used in Libelous Matter.*—Evidence is admissible to explain the expression "fauls swearing" as used in alleged libelous matter.

4. SAME—*Malice Implied by Use of Words Actionable Per Se.*— When slanderous words, actionable *per se*, are uttered, the law implies malice and consequent injury.

5. IDEM SONANS—"*False*" *and* "*Fauls.*"—The word "false" is *idem sonans* with the word "fauls," and a letter containing the phrase " I will not do as much 'fauls' swearing as Billie did in that case," is admissible in evidence under a declaration in a libel suit charging the use of the words " I will not do as much false swearing as Billie did in that case."

6. WORDS AND PHRASES—*What the Word " Family" Includes.*—The word " family " includes parents, children and servants.

7. INSTRUCTIONS—*Mentioning Amount of Ad Damnum.*—An instruction offered by plaintiff mentioning the amount of the *ad damnum* is pernicious, but is not reversible error in this case.

8. SAME—*Not Error to Give Two Practically Alike.*—While an instruction may be refused because practically like another already given, it is not error to give them both.

9. PUNITIVE DAMAGES—*Where They Should Be Given.*—In a libel suit, where the libelous charge was communicated only to the father of the plaintiff and he testified that he did not believe it, punitive damages are the only kind to be considered.

10. DAMAGES—*In Libel—When $500 Not Excessive.*—Defendant, by a letter to the father of the plaintiff, deliberately charged plaintiff with the crime of perjury. He afterward repeated verbally, substantially the same charge, once to the brother of the plaintiff, and several times to his father. The evidence shows that defendant is worth at least $100,000. No attempt was made to justify the libel. *Held,* $500 damages not excessive.

Libel.—Appeal from the Circuit Court of Vermilion County; the Hon. MORTON W. THOMPSON, Judge presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed August 28, 1903.

J. B. MANN, attorney for appellant.

D. D. EVANS, attorney for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellee against appellant for an alleged libel published by means of a letter sent by appellant to Jonathan Gaines, the father of the appellee.

The trial resulted in a judgment in favor of appellee for $500, from which the defendant appealed.

The declaration consisted of two counts, the first of which alleges that there had been a suit between the same parties, and that in the trial of the same plaintiff was sworn dan examined as a witness, and that after the trial of said suit defendant wrote and sent to the father of plaintiff a letter containing the following words:

"You often told me you had 800 acres of land. Billie Gaines and yourself have been trying to break me up. I want my pay, and must have it for the four years' work. I will not do as much false swearing as Billie did in that case. Billie Gaines never did $40 worth of work for me in his life. Men around that farm will swear that he did not do $20 worth of work. When I take him up for false swearing he will have a plain road to tight house. You may be found coming after him."

The second count alleges the former suit, and that plaintiff was sworn and examined as a witness, as in said first count, and the writing and sending of the letter, the receipt thereof by the father of plaintiff, and then sets out the

letter *in haec verba*, the alleged libelous portion thereof being as follows:

"Billie Gaines and yourself have been trying to break me up. I want my pay, and must have it for the 4 years' work. I will not do as much fauls swearing as Billie did in that case. Billie Gaines never did 40$ worth of work for me in his life. Men around that farm will swear that he did not do $20 worth. When I take him up for faults swearing he will have a plane road to a tight house."

Said counts further allege that said letter was received and read by the father of the plaintiff.

The writing and sending of the letter is admitted by appellant.

When the letter was offered in evidence appellant objected to its being read to the jury on the ground of a variance between it and the language used in the declaration, contending that the allegation of "fauls" swearing was not supported by the words "fault swearing," and that neither was the allegation of false swearing supported by the words "fauls swearing." The court overruled the objection and permitted the letter to be read to the jury, which ruling is assigned as error. The court also permitted evidence to go to the jury, over the objection of appellant, of a conversation between appellant and the brother of appellee, subsequent to the writing of the letter, in which appellant stated that appellee had sworn to a lie in their law suit. In the case of Sheen v. Peoria Journal Co., 53 Ill. App. 267, the court said:

"We recognize the rule that in the trial of an action for libel a repetition by the defendant of the defamatory matter complained of is admissible to prove malice, and that within the rule the plaintiff may give in evidence other publications, being of like import to those declared upon, or explanatory of any ambiguity contained therein."

The same rule pertains in actions for slander. (Hintz v. Graupner, 138 Ill. 165; Ransom v. McCurley, 140 Ill. 634.) We are of the opinion that a verbal repetition of libelous matter, as well, is admissible for the purposes mentioned. We can see no reason why the rule should not apply. A

verbal repetition certainly tends to show malice to as great an extent as a republication in writing or print, and when offered for that purpose, it would seem immaterial whether the repetition was spoken or published. We think the evidence was also admissible to explain the expression " fauls swearing" as used in the alleged libelous matter. If there was any doubt as to what was meant by the word "fauls," the evidence referred to would. be competent to explain the ambiguity. (Sheen v. Journal Co., *supra.*)

The declaration charges the use of the words " I will not do as much ' fauls ' swearing as Billie did in that. case." Appellant insists that the word used in that connection, in the letter in evidence, is " fault " and not " fauls." As we read the word it appears to be " fauls," and taken in connection with the context, we are of the opinion that it is *idem sonans* with the word " false " set out in the first count of the declaration. The letter was properly admitted in evidence.

Appellant contends that the giving of plaintiff's third, fourth, sixth and seventh instructions was error. The fourth instruction tells the jury that " as much protection is due a man's reputation with his family as with strangers." Appellant concedes that if there had been other members of the family of plaintiff besides his father the instruction might have been justified. The word "family " includes parents, children and servants (Anderson's Law Dict. 448), and we think it makes no difference whether it consisted of one, few or many, besides the appellee. The jury are also told that the damages must not be assessed in excess of the amount claimed in the declaration. While this practice is pernicious, and has often been condemned by the Supreme Court (R. R. Co. v. Bannister, 195 Ill. 48), we do not regard it as reversible error in this case. The objection to the third instruction is without merit. It quotes the language of the statute, which refers to slander, whether written, printed or verbal. While the sixth instruction is practically like the second given, and might well have been refused for that reason, it was 'not error to give it,

and the same might be said of the 7th. Appellant complains that the instructions have the vice of pressing upon the attention of the jury the fact that punitive damages might be awarded, and intimating that such damages should be awarded to a large amount. The charge was only communicated to the father of appellee, and he testified. that he did not believe it, and punitive, not actual damages, were therefore the only kind to be considered, and it was therefore proper that the jury should have been fully instructed upon the subject.

It is further contended that the damages awarded are excessive. Appellant, by a letter to the father of appellee, deliberately charged him with the crime of perjury. He afterward repeated verbally, substantially the same charge, once to the brother of the appellee and several times to his father. The evidence shows that appellant is worth at least $100,000. No attempt was made to justify the libel. In the case of Miller v. Johnson, 79 Ill. 58, the defendant accused the plaintiff in the presence of the members of his family, of stealing grain. A judgment was rendered against the defendant for $1,000. In its opinion affirming the judgment the Supreme Court used the following language, which we think applicable to the case at bar, to wit:

"It must be admitted the damages found are quite as high as the evidence will justify, but we are not prepared to say the amount is so excessive as would warrant a reversal of the judgment. The words spoken imply a grave charge, and one that would affect seriously the character of plaintiff. It is not pretended there was any justification for the broad and unqualified accusation of crime against plaintiff. When slanderous words, actionable *per se*, are uttered, the law implies malice and consequent injury. The conduct of defendant can not be justified, nor is there anything in this record that palliates it in the least degree. So far as the evidence discloses, plaintiff had previously borne an irreproachable character. His reputation for integrity had been attacked by accusation of crime, without any justifiable cause. It is one of the guarantees of the law, that every person, whatever may be his station in life, shall find a certain remedy in the laws for all injuries and

wrongs which he may receive in his reputation, as well as to his person or property. Before the law there are no distinctions. One man's reputation is as sacred as another's, no matter what his social position may be. Plaintiff's reputation for integrity, which had previously been good, had been assailed by the slanderous utterances of defendant, where no justifiable cause for such conduct appears, and a jury, conversant with all the facts, having fixed the measure of damages, we see no cause to interfere with their conclusion."

There being no reversible error in the record, the judgment will be affirmed.