KNOPF *v.* HERTA.

1. PROCESS—SUMMARY PROCEEDINGS—STATUTES—MANDATORY PROVISIONS.

The provisions of 3 Comp. Laws 1915, § 13243, allowing service of summons in summary proceedings "by leaving a copy at the usual place of abode of the defendant, in the presence of some person of suitable age, who shall be informed of its contents," being a departure from the common law, must be strictly construed, and are *held* to be mandatory.

2. SAME—COMPLIANCE WITH STATUTE.

Delivery of a copy to a woman who was found on the porch of defendant's house, who was unknown to defendant, and was said to be a caller, and to whom the contents of the summons were not made known, *held*, not a sufficient compliance with the statute.

3. SHERIFFS AND CONSTABLES—FALSE RETURN—MEASURE OF DAMAGES—EXCESSIVE VERDICT.

In an action against a constable for making a false return

showing service in summary proceedings against a tenant, where there was evidence of the rental per month, the difficulty in securing houses, and of the manner in which the goods were ejected from the house, and the confusion and circumstances connected with the eviction, it cannot be said that a verdict for $125 was excessive, recovery being correctly limited to damages sustained by his not being allowed to fill out his unexpired term, and by being put out in the street and forced to seek shelter elsewhere and have his goods moved to somewhere else.

4. SAME—PROOF OF FALSE RETURN—EVIDENCE—ADMISSIBILITY.
   In said action, testimony by the tenant that he did not know the woman named in the return as the person with whom a copy of the summons was left was properly admitted.

Error to Wayne; Webster (Clyde I.), J. Submitted October 12, 1920. (Docket No. 28.) Decided December 21, 1920.

Case by Carl Knopf against Paul A. Herta for a false return on an alleged service of process. Judgment for plaintiff. Defendant brings error. Affirmed.

*R. M. Connor,* for appellant.

*Rood & Visscher,* for appellee.

STONE, J. Mrs. Emma A. Huff was the owner of the premises known as 49 Dakota place in the city of Detroit. The premises consisted of a two-family flat. The upper flat was occupied by Mrs. Huff and family. The lower flat was rented to the plaintiff herein. He claimed a verbal lease for a year, while Mrs. Huff denied the verbal lease and claimed a tenancy from month to month. On March 18, 1919, Mrs. Huff gave verbal notice to terminate the tenancy of the plaintiff. This was followed by the written notice served April 18th to surrender possession on or before May 19, 1919. The plaintiff failed to vacate the

premises in accordance with the notice, and on April 19th Mrs. Huff began summary proceedings before the circuit court commissioner. The defendant herein, a constable, to whom the summons was delivered for service, made the following return upon the summons:

"State of Michigan ⎱ ss.
"County of Wayne ⎰

"I was unable to find the within named defendant in Wayne county after diligent search and inquiry. I served the within summons on defendant on the 22d day of April, A. D. 1919, in the city of Detroit, in said county by leaving a copy thereof entitled as such by me at the defendant's usual place of abode, with Clara McGraw, who I found on premises, a person of suitable age and discretion, to whom I read the same and explained the contents thereof.

"(Signed)  PAUL A. HERTA,
"Constable."

On April 24th following the court rendered judgment for Mrs. Huff, the plaintiff therein, the defendant therein not appearing. On April 30th a writ of restitution was issued. On the same day the defendant herein notified the wife of the plaintiff of the issuance of the writ and advised her that they would be ejected from the premises on the following day. Mrs. Knopf told her husband, the plaintiff, who consulted with an attorney. The following day defendant Herta, assisted by one Andrew Travis, removed the household goods of the plaintiff from the premises. The evicted tenant brought two suits, the instant suit against the constable, claiming damages for a false return as to the service of the summons. He also brought a suit against this defendant, Andrew Travis, Emma A. Huff, Mabel Huff, Myrtle Huff and Marie Huff, claiming damages to the household goods and furniture of the plaintiff because of the manner in which the goods were removed from the house and placed in the street. The two suits were heard to-

gether at the trial below, and although separate and distinct questions are presented and separate verdicts and judgments were entered, the testimony and trial proceeded as though there was but one suit.  This led to considerable confusion in the testimony, and we think the better course is to consider the cases separately, and we will proceed to do so.  Another peculiarity is that while there are two suits, presenting different issues, the assignments of error are common to both cases.

In the case we are now considering the important, and we think the controlling, question is whether the return of the defendant officer was a false return. The court below so held and so charged the jury; and there having been a recovery for plaintiff of a verdict and judgment for $125, error is assigned by the defendant upon this part of the charge.  Upon the trial the defendant was called as a witness by the plaintiff under the statute.  His attention having been called to the manner in which the summons was served, the following occurred:

"*Q.* You don't remember in particular then how it was done?

"*A.* Why, I remember going up the porch and I gave it to some one.

"*Q.* But you cannot remember the circumstances at all?

"*A.* No, I do not believe I can.

"*Q.* Do you know who Clara McGraw is?

"*A.* I do not.

"*Q.* Have you made any effort to find her since this proceeding was started?

"*A.* No, sir; I have not.

"*Q.* You did not know her before then?

"*A.* No, sir."

The defendant was later called as a witness in his own behalf, and he testified, among other things, as follows:

212—Mich.—40.

"I served the summons. The date I made service is on the summons. I made an attempt to serve Carl Knopf personally. Made two attempts before I served it there the third time.

"*Q.* Who did you serve at the premises?

"*A.* Why, I served a lady on the porch.

"*Q.* What was she doing there?

"*A.* I don't know what she was doing; she was at the door, must have been, I don't recollect now, but, anyway I remember the lady on the porch; I stopped my machine in front of the house.

"*Q.* What was her name?

"*A.* Well, I heard it mentioned here, now it comes back to my mind, Clara McGraw.

"*Q.* I will show you the summons (handing paper to witness) and ask you if that is your return.

"*A.* Yes, sir. I did not know there was anybody in the house at the time I served the summons. I rang the button and I believe I was leaving or turned or something and this lady came on the porch. I did make an effort to find somebody there. This was the third succeeding day that I went there."

On cross-examination he alluded to the subject again and testified:

"The front door was not open when I went to serve the writ, I went around to the back door. I got no response. I believe I asked Clara McGraw if she knew Mrs. Knopf or Mr. Knopf, and she said she was calling there. I do not know whether she got admittance to the house or not. I called at the house two different days and rapped before I made this service. I did not find anybody at home either time. I did not do anything else to make personal service. It was about 3 or 4 in the afternoon that I went there on each of the previous days."

Section 13243, 3 Comp. Laws 1915, reads as follows:

"The officer to whom such summons shall be delivered shall serve the same at least two days before the time of appearance mentioned therein, by delivering to the defendant, if to be found within the county, a copy thereof, but if the defendant shall not be found it shall be served by leaving such copy at the usual

place of abode of such defendant, in the presence of some person of suitable age who shall be informed of its contents."

In his charge to the jury the learned trial judge, after calling the attention of the jury to the statute above quoted, said:

"The return of the officer follows the language of the statute and says that he left this summons at the usual place of abode of such defendant, in the presence of some person of suitable age. The testimony shows, the uncontradicted testimony shows, that this statute was not complied with, that it was not left by Mr. Herta at the usual place of abode of the defendant Carl Knopf, but was given by him to somebody, nobody knows who, whose name, according to the return is Clara McGraw, and who at the time was on the front porch ringing the door bell, or who had just rung the door bell, and who stated she was calling there. That is not sufficient service within the statute, and there is no testimony that the summons was left at the usual place of abode of the defendant, but, rather, it is that it was given to this person upon the front porch. This person might have been calling upon the Knopfs, or she might have been calling upon the Huffs, or she might have been a book-agent, or, as counsel stated, selling corsets—we don't know who she was, or what she was doing there, or why she was on the front porch; we do not know how long she stayed there; we do not know whether she ever entered the abode of Carl Knopf or not; we do not know what became of the summons; there is no testimony that it ever reached Carl Knopf, and so, as I say, there was no service as contemplated by the statute, so that in this first case your duty will be to assess the damages that came to Carl Knopf as a result of this false return, because as there was no service made, as required by the statute, the return that the service was made according to the statute is false, and your duty will be to assess the damages in that case, and that is all your duty will be in that one case. Those damages are rather limited, and you will confine yourselves entirely to the damages that arose from that act. That had nothing to do, you understand, with any damages that

may have resulted from the way the furniture and household effects were moved into the street. This has only to do with whatever damages resulted because a return was made that a service had been made under the statute, when it was not made under the statute, and you are limited in that to whatever you may find was the value of the loss of what the plaintiff in this case claims was his unexpired term. Whether or not that was his unexpired term, we cannot determine in this case, we are not concerned in this case as to whether or not there was a lease for a year or from month to month. We are not concerned in this case as to whether or not a proper notice was given upon the 18th of March. An oral notice to terminate tenancy, when the payments are from month to month, an oral notice of a month is a good and valid notice in this State, but we are not concerned, I say, with all those questions, whether or not it was a lease for a year, whether it was from month to month, whether a proper notice was given upon the 18th of March, because we are not concerned here with whether or not, if Mr. Knopf had been properly served, he could have maintained his suit or not. We are not concerned here as to whether or not if Mr. Knopf had been properly served, the Huffs would have prevailed before the circuit court commissioner or would have lost. We are only concerned with this one thing: service was not made upon him in that suit in accordance with the statute.

"That was followed by a judgment and an ouster and eviction. The judgment and the ouster, being based and founded upon an improper service, entitled Mr. Knopf to whatever damages he sustained because of that, and, as I say, you are limited in that to whatever damage you may find the remainder of his term, as claimed by him, was, namely, from that date, which was, I believe the first of—

"*Mr. Rood:* Up to May 18th.

"*The Court* (continuing): Yes, it was the first of May up to May 18th, the value of that term, the unexpired term from the first of May to the 18th of May, whatever you consider that was worth to him, and for damages that he may have suffered by reason of his removal from the premises on that day, because

of this improper service, leaving out of consideration any damage to the furniture or household effects.

"Now, it seems to me that your verdict in this first case, as I say, is just about limited to those two things, and from the very nature of things, the verdict, of course, cannot be very large in that case. It is whatever you may find is the value of his term from the first of May to the 18th, and the fact that he was put out on the street on the first of May, and forced to seek shelter elsewhere, and to have his goods moved in the van from the street to somewhere else, wherever he put them. When, if improper service and improper return had not been made, but for the improper service and improper return he could have stayed to the 18th of May, and then had his goods moved to some place else, you will not allow him in this action the cost of moving, however, the cost of the van, because he would have had to have them moved anyway, so that you will simply include in this suit the damages for his unexpired term, and the fact that he was put out on that day without right."

Error is assigned upon this portion of the charge, and in our opinion it presents the only meritorious questions there are. Was the court correct in charging the jury that the return was a false return? The manner of this service being a departure from the common law, must accord strictly with the statutory requirements, and such statute has been held to be mandatory. 21 R. C. L. p. 1280.

By the undisputed testimony of the defendant, he did not leave the copy of the writ at the usual place of abode of the plaintiff here, but he seems to have served it upon the transient person who was ringing the doorbell. The plaintiff and his wife both testified that they never knew such a person as Clara McGraw. That evidence is undisputed. Defendant does not claim to have known her. It cannot be said that a service upon such a person is a compliance with the statute. Had the summons been left there it undoubtedly would have reached the plaintiff in this suit;

but it is undisputed that it did not reach him and he had no knowledge of it until after judgment. Again, it is significant that the defendant, in detailing the manner in which he served the writ, makes no claim that he informed the person of its contents. It has been held that the provision of the statute, that a person with whom a writ is left shall be informed of its contents, is mandatory. See 32 Cyc. p. 465, and cases cited.

Was there error in the instruction of the court relative to the measure of damages? We think there was none of which defendant can complain. There was evidence in the case of the amount of rental that was being paid per month, the difficulty in securing houses, of the manner in which the goods were ejected from the house, and the confusion and circumstances connected with the eviction. We cannot say from this record that the verdict and judgment were excessive and that the rule of damages was not the correct one.

We find no error in the rulings of the court relating to the admission of testimony. It was competent for the plaintiff to testify as he did, that he did not know Clara McGraw. We cannot conceive how a return could be shown to be false without the right to introduce evidence of this nature.

We have considered all of the assignments of error, and without particular reference to them we find no reversible error in the record of which defendant can complain, and the judgment will be affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred.