First Judicial District Burlington County.

PATRICK J. SULLIVAN, PLAINTIFF, v. HAROLD A. WAL-
BURN, DEFENDNT.

For the rule, *Lester A. Drenk.*

*Contra, Furman A. DeMaris.*

MATTHEWS, J. This matter comes before the court on a rule to show cause obtained by the defendant why a judgment by default against him in this cause should not be vacated. The judgment was entered on January 29th, 1931.

The application for the rule and the affidavit in support thereof do not show that the defendant had any meritorious defense or that there was any surprise, and the sole ground upon which the rule was obtained and argued is that the service of process was not in accordance with the requirements of the statute for service of summons in the District Court, and therefore void.

The return on the summons by the sergeant-at-arms shows as follows: "The said defendant, Harold A. Walburn, not being found, I served the within summons January 24th, 1931, by leaving a copy thereof at his dwelling house or place of abode with Thelma Fisher, a member of his family above the age of fourteen years, informing her of its contents."

The statute covering the service of summons in District Courts provides in part that it shall be served by reading the same to the defendant and delivering to him a copy thereof, if he or she shall be found, and then states:

"And if not found, by leaving a copy thereof at his or her dwelling house or place of abode, in the presence of some person of the family, of the age of fourteen years, who shall be informed of the contents thereof. * * *"

It is apparent upon the face of the return that there has been full and substantial compliance with the statute. Therefore, it would seem that a rule to show cause is the proper procedure to be followed in such a case. *Mygatt* v. *Coe*, 63 *N. J. L.* 510.

There would seem to be no difference between the words "person of the family" and "member of the family." *Heilemann* v. *Clowney*, 90 *N. J. L.* 87. (See remarks of the court on page 90.)

The affidavit submitted by the defendant on the rule and the only testimony before the court submitted by him reads in that part which is pertinent to the issue as follows:

"The said Thelma Fisher is not a member of my family and never has been. She at times attends my home as a nurse maid. Said summons was not served upon any member of my family nor upon myself."

It will be readily seen that the statements contained in this affidavit with one exception are matters of legal conclusion, *i. e.*, that Thelma Fisher is not a member of the defendant's family and that, incidentally, is the exact question which the court has to decide. The only exception is the statement: "She at times attends my home as a nurse maid." Whether this alone would have been sufficient to have sustained the defendant's contention is at least doubtful, but the court is not called upon to decide that point for the reason that the situation has been somewhat amplified by the affidavits of Thelma Fisher herself and Loberta Gladney, her mother, submitted by the plaintiff. Both affidavits are uncontradicted and show that Thelma is eighteen years of age and a senior at high school; that during the summer of 1930 she worked at the home of H. A. Walburn in Riverton and was there quite regularly and that during this period part of the time stayed there over night and part of the

time, to use her own words, "I stayed at home over night." The affidavits further disclose that during part of that time Thelma stayed in Mr. Walburn's office to answer the telephone, &c. Since the summer of 1930 Miss Fisher has been at the Walburn home about twice a week on the average and her duty is to take care of "their little girl when they are not at home." The affidavit of Loberta Gladney states as follows:

"For the past few months she [Thelma] has been employed as a nurse maid by the Walburns to care for their little girl when they go out. She is employed by them now on an average of about twice a week."

Obviously, then, during the summer of 1930, when Miss Fisher was working quite regularly at the Walburn home, she stayed "at home" over night. The only reasonable inference which can be drawn from these affidavits is that neither during the summer of 1930 nor at the time that the summons in this case was served did Thelma Fisher regard the home of the Walburns as her home, but obviously from the statements in the affidavits she had some other place of residence which she regarded as "home."

The sole question, therefore, to be decided is whether a girl who is employed by the defendant about twice a week regularly as a nurse maid, and who does not reside with the defendant, can be considered a member of the family within the meaning of the statute.

I think it is clear that the word "family," as used in this statute, is undoubtedly utilized in a broad sense and does not confine itself to blood relatives of the defendant who are residing at his home. In this connection it is interesting to note that the Practice act covering the services of summons in the higher courts provides: "A copy whereof shall be served on the defendant in person, or left at his usual place of abode." It will, therefore, be seen that less formality in the service of summons in the higher courts is required by statutory language than in the District Court. This fact cannot affect the specific requirement in the District Court

act, of course, but it would seem to lend weight to the argument that the term "family" should be given the broad construction in the interpretation of the latter act, and if one is to accept the statements of the court in *Heilemann* v. *Clowney, supra,* as indicative of the view the courts of this state would take if the question were directly presented, the actual requirements of service would be practically the same, for Mr. Justice Parker, in delivering the opinion, says:

"In so ruling, we do not wish to be understood as sanctioning the practice of slipping a writ under a door, or tossing it into an open window, or otherwise physically 'leaving' it at defendant's usual place of abode without delivering it to some person thereat. While not deciding the point, we know of no case in which such practice has been recognized in the absence of a statute permitting the affixing of the writ to the front door or the like. The universal practice in this state has been to deliver it on the premises to some member of defendant's family who is *sui juris*. This is the express requirement of the Justice Court and District Court act."

While counsel has been unable to cite any cases directly in point in this state, or in fact from any other state, the view that the word "family" in such a statute as this should be given a broad construction is sustained by cases cited from other states, and, inferentially, that conclusion can be reached from the decisions in *Mygatt* v. *Coe, supra,* and *Sweeney* v. *Miner,* 88 *N. J. L.* 361.

Many and variegated definitions of "family" have been used by the courts, among which are the following collated in 25 *Corp. Jur.* 664: The collective body of persons living in one house or under one head or manager; a collective body of persons, consisting of parents or children, or other relatives, domestics or servants, residing together in one house or upon the same premises; a collective body of persons living together in one house or within the curtilage; a collective body of persons who form one household under one head and one domestic government; those, who live under the same roof with the *pater familias,* who form his

fireside; all members of the household living under the authority of the head thereof; a household composed of parents or children, or other relatives, or domestics and servants; an entire household; a household; members of the domestic circle; any group of persons constituting a distinct domestic body; the personnel of the home.

Analyzed, these definitions mean practically the same thing and it can be readily seen that either by direct statement or inference there is one common denominator—that of "living" or "residing" together.

These definitions, together with the cases above cited, and also the reasonable construction to be put upon the statute in force during the year 1818, cited by plaintiff, and referred to in the case of *Cobb* v. *Decker,* 4 *N. J. L.* 133, can bring about but the distinct conclusion that domestic servants, when living or residing in the establishment are included in the term "family" for the purposes of this statute. I cannot accept the defendant's theory that the use of the words "white person of the family" used in the early statute referred to were designed by the legislature to establish a public policy of gentle and generous consideration for the human fraility of white gentlemen of that age in having meritricious relations with female colored servants or slaves and the sometimes unfortunate attendant result of illegitimate offspring of a "high yellow" coloring.

The term "family" has even been held to include lodgers or boarders living in one house. *L. J. Mueller Furnace Co.* v. *Driebelbis (Mo.),* 229 *S. W. Rep.* 240, cited by defendant.

It may be that Miss Fisher in this case is not such a casual employe as would deprive her of the benefits of the Workmen's Compensation act, but that of itself would not necessarily constitute her a member of the family. Nor do I think would the mere regularity of her employment, because in such case a person who came in once a week or once a month or once every six months regularly would fall in the same category, and I do not think this is what the act contemplates. There may also well be situations in which a

domestic servant spent his or her full working time with his or her employer and in the evenings went to his or her own home. Could it be said that even though such servant performed duties of a domestic character that he or she should be considered a member of the family? In other words, had Miss Fisher in this case continued down to the time of the service of the summons to be employed as a nurse girl in the defendant's home regularly every day, but still having a home of her own to which she usually went, although not always, to sleep and to spend her spare time, would that have made any change in her status? The question is not of the regularity or character of the employment alone, but whether or not in carrying out such employment she becomes substantially a member of the defendant's household, that she resides or lives together with the remainder of defendant's domestic establishment, in the same house or upon the same premises or within the same curtilage.

I realize that from a practical standpoint, the position of Thelma Fisher in this home during the time that she was there might be exactly on a par with that of a nurse girl or servant who continually and permanently resided with the defendant, and, therefore, so far as this time was concerned and during which the summons was served she was in the same position as a member of the family, as defined in the cases. But I do feel, not finding any authorities going this far, and such service being in the nature of service substituted for personal service, that the construction of the phrase "family" should not extend further than the length to which it has already been stretched by decisions down to the present time.

Obviously, the intent of the statute is to have the summons served in such manner as it will reasonably reach the defendant in the normal course of events. On the other hand, this is not the sole requirement, because it has been held that the fact that the service was brought to the attention of the defendant by some other means does not cure a defect in the statutory requirements of service. 21 *R. C. L.* 1280, ¶ 23.

The use of the words "person of the family" clearly contemplates service upon someone who, because of his or her permanent position in the household and so affiliated therewith, would be likely to deliver the summons to the defendant in due course.

I am therefore led to the following conclusions:

1. That the term "family" as used in the statute will include a domestic servant under certain conditions.

2. That a domestic servant, to be included within the term "family," must be one who substantially makes his or her residence or home with the defendant so as to become a part of the collective body residing together in one house or upon the same premises or curtilage.

3. That a person who is employed twice a week regularly by the head of the household as a nurse girl and who does not reside with such head of the house, but has an independent home of her own, as was the position of Miss Fisher in this case, cannot be construed as a person of the family sufficient to satisfy the statute.

The rule to show cause is made absolute and the judgment vacated.