## Waber v. Schaffhauser

*Louis Waber*, for plaintiff.

*Conlen La Brum & Beechwood*, for defendant.

FINLETTER, P. J., December 12, 1938.—Judgment was entered for want of an appearance in a libel suit. A motion to vacate the judgment and set aside the service of the writ is made on two grounds; the one, because service of the writ was defective, the other, because plaintiff's statement on its face shows no cause of action.

The sheriff's return was in the following terms: "Served Adele Schaffhauser . . . by handing a true and attested copy of the within writ to Vera Moap, an adult member of the family of said defendant who stated that her relationship to said defendant is that of maid, on February 14, 1938, at 1:45 p.m. at 2932 Cambridge . . . the dwelling house of the defendant."

The question arises whether or not a "maid" so described is necessarily a member of the family in which she is employed. The best authority is that the word "family" describes " 'a collective body of persons who live in one house, under one head or manager, including parents, children, and servants.' . . . If the relation between him and other persons of the household is of a permanent and domestic character and not intended to be merely temporary", such persons are to be regarded as members of the family: Colter v. Luke, 129 Mo. App. 702, 706.

In other words the regular staff of servants who live in the home of the head are members of his family. The servant who renders only occasional service, and does not live in the house, cannot be regarded as a member of the household.

For example, service on a person who attended defendant's child two days in the week when defendant's wife was away, and who sometimes stayed overnight, but who had her own home, is not on a member of the family: Sullivan v. Walburn, 9 N. J. Misc. 280.

There are, therefore, two classes of maids, the regular and the occasional. One class are members of the family, the others are not.

The return does not differentiate between the two. Vera Moap on whom service was made is described simply as a "maid". A sheriff's return cannot be controverted, but on the other hand it must be self-supporting, and this return is not if it stands alone on the reference to the maid. The return also alleges service on an "adult member of the family." This in our opinion sets forth a good service.

The motion to strike off the service must be denied. But we think the judgment should be vacated because on its face the statement does not set forth a valid cause of action. Plaintiff sues in trespass for damages for a libel, and alleges that defendant libeled him in the statement filed by her in an action brought in Court of Common Pleas No. 2, December term, 1937, no. 1164, against

plaintiff in the libel suit, for breach of contract and deceit. All the allegations alleged to have been libellous are contained in the pleadings in the first suit.

"The rule is well settled in England that statements made by a party in his pleadings in judicial proceedings are absolutely privileged and can in no case give rise to an action for defamation": 17 R. C. L. 335, §83.

"The prevailing rule in the United States is that such statements are privileged when pertinent and relevant to the subject under inquiry, regardless of malice, although there are some authorities to the effect that such statements are absolutely privileged regardless of malice or relevancy. On the other hand there is authority to the effect that defamatory statements in the pleadings, to be privileged, must be not only relevant but they must be uttered without express malice": 17 R. C. L. 335, 336, §83.

In Pennsylvania relevancy alone is needed for privilege regardless of malice: Kemper v. Fort, 219 Pa. 85.

See note 3, 17 R. C. L. 336, for cases upholding privilege, regardless of both relevancy and malice. The A. L. I. Restatement of Torts, 231, §587, gives the rule as follows:

"A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish false and defamatory matter of another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of a judicial proceeding in which he participates, if the matter has some relation thereto." Comment (c) on page 232 is as follows:

"*Relation of statement to proceedings.* It is not necessary that the defamatory matter be relevant or material to any issue before the court. It is enough that it have some reference to the subject of the inquiry. Thus, while a party may not introduce into his pleadings defamatory matter which is entirely disconnected with the litigation, he is not answerable for defamatory matter volunteered or included by way of surplusage in his pleadings if it has any bearing upon the subject matter of the litigation."

A rule to strike off the judgment is the proper method to obtain relief from a judgment based upon a statement which does not set forth a good, valid and legal cause of action. Such a rule is in the nature of a demurrer to the record: Rome Sales and Service Station v. Finch, 120 Pa. Superior Ct. 402, 405; Rosser v. Cusani, 97 Pa. Superior Ct. 255; Commonwealth, to use, v. Hoffman, 74 Pa. 105, 111; 7 Standard Pennsylvania Practice 164, 165, §§158, 159; Citizens' National Bank of New Castle v. Hileman, 233 Pa. 432; Lansdowne Bank & Trust Co. et al. v. Robinson et al., 303 Pa. 58; International Harvester Co. v. Tuscarora Twp. (No. 1), 43 Pa. Superior Ct. 410; Mitchell on Motions and Rules, pp. 75, 77.

For these reasons we discharge the rule to strike off the service of the writ, and make absolute the rule to strike off and vacate the judgment.