MOORE v. KASISHKE.

No. 30257.   Sept. 23, 1941.

*117 P. 2d 113.*

M. A. Breckinridge and Byron V. Boone, both of Tulsa, for plaintiff in error.

Underwood, Canterbury, Pinson & Lupardus, of Tulsa, for defendant in error.

DAVISON, J. The defendant in error is one of the parties designated as a defendant in a petition filed by the plaintiff in error, as plaintiff, in an action to recover damages for alleged slander. The parties will hereinafter be referred to as designated in said petition.

Plaintiff's final attempt to obtain service upon said defendant for the purpose of said action was by causing a copy of an alias summons issued for him to be left with defendant's negro servant, Alex Parris. Plaintiff has perfected this appeal from the trial court's order sustaining said defendant's motion to quash said summons and the purported service thereof.

The evidence introduced at the hearing upon said motion reveals that the premises upon which the defendant resides consists of a tract of land enclosed by a fence with two gates. Within the enclosure is one house in which the defendant and his wife reside, and another about 25 feet therefrom that is used as servants' quarters, in which the negro, Parris, and his wife reside. It was at one of the gates to this enclosure that a copy of the summons in question was left with Parris by the deputy sheriff assigned to the task of serving it, at a time when both the defendant and his wife were absent from their home and in the State of Kansas. The evidence further tends to show that in the absence of the defendant and his wife, Parris acted as general caretaker of the property; that he had been employed at the defendant's home for six or seven years; that in addition to his other duties, Parris acted as cook and chauffeur for the defendant and his wife; and that for such work Parris and his wife received a monthly salary from the defendant in addition to their living quarters.

In his argument for reversal of the trial court's ruling, the plaintiff takes the position that said court has misconstrued section 172, O. S. 1931 (12 Okla. St. Ann. § 159), which authorizes what is commonly termed "substituted service" upon a defendant by leaving a copy of the summons for him "at his usual place of residence with some member of his family over 15 years of age. . . ." His contention is that, according to the proper interpretation of the term as used in said statute, a servant of the defendant, such as the evidence in the present case shows the negro, Alex Parris, to be, is a "member of his family" for the purpose of service upon him. Plaintiff's counsel calls our attention to the definition of the word "family" cited with approval by this (Jackson v. Smith, 83 Okla. 64, 200 P. 542; Betts v. Mills, 8 Okla. 351, 58 P. 957) and other courts (Lewis v. West Side Trust & Savings Bank, 286 Ill. App. 130, 2 N. E. 2d 976; Zimmerman v. Franke, 34 Kan. 654, 9 P. 747; Wilson v. Cochran, 31 Tex. 678; 25 C. J. 664, 665), and they point out that this definition includes servants. The majority of these cases do not involve service of summons and only Lewis v. West Side Trust & Savings Bank, supra, deals directly with the accomplishment of such service by leaving a copy of the summons with a servant. See, also, Richardson v. Trustees' Loan & Guaranty Co., 15 La. App. 645, 132 So. 387, wherein the service was held invalid because the citation was served upon a servant not living at the defendant's domicile, and Rousseau v. Gayarre, 24 La. 355, upholding service upon the overseer of the defendant's plantation under statutes that do not require the person with whom the citation is left to

be a member of the defendant's family. But see, also, Thompson v. Butler, 214 Iowa, 1123, 243 N. W. 164, in which a copy of the notice to obtain service upon the defendant was left with a maid who was employed in his home, and who also slept and ate her meals there. In that case the maid testified that when not employed she made her home at her sister's residence and it appeared from the evidence that she had three children who lived at the home of her father and mother. There the court cited one of its former decisions to the effect that, under the Iowa statute, leaving a copy of the notice with some member of the defendant's family over 14 years of age was made equivalent to actual service "upon the supposition that such person sustains such a relation of confidence to the one sought to be served as that he will be likely to bring the notice to his attention and thereby effect precisely what actual service is intended to accomplish"; and said court held that leaving a copy of the notice with the maid did not constitute valid service upon her employer, after concluding that a person whose sole contact with the defendant's family is that of an employee for hire is not a member of his family as that term is used in the Iowa service statute.

While it is true that the word "family," as used in acts regulating service of process, should not be given its more restricted meaning and held to include only a father, a mother, and their children (see note to Wade v. Jones, 20 Mo. 75, 61 Am. Dec. 584, 588), and this court has held the service good where there was no blood relationship between the defendant and the person with whom a copy of the summons was left (Jackson v. Smith, supra), yet we do not think our statute contemplates that a summons may be served upon anyone by leaving a copy of same with a person whose claimed membership in the family of the one upon whom service is thereby attempted, must be fabricated merely from the fact that he is a servant or employee of such person living upon the same premises or within the same curtilage. Although there seems to be some diversity of opinion regarding the degree of strictness or latitude to be employed in the interpretation and application of statutes regarding service of process (in addition to the authorities hereinbefore cited, see Knopf v. Herta, 212 Mich. 622, 180 N. W. 629; Sullivan v. Walburn, 9 N. J. Misc. 280, 154 A. 617), we think that since substituted service is allowable only because specifically authorized by statute (see Thompson v. Butler, supra; annotation 127 A.L.R. 1267), the relationship between the person receiving a copy of the summons and the person upon whom service is thereby attempted must be more confidential and intimate than is the case in most employer-employee or master and servant relationships in order that the receipt of such notice by the former may be deemed to be valid notice to the latter under section 172, supra. There are, no doubt, instances in which one bearing no blood relationship to a defendant might, for most practical purposes, be deemed a member of his household, but under the evidence in this case we do not think the negro servant, Parris, can in any true sense of the word be regarded as a member of the household of the defendant. From all that appears from the evidence, each of these individuals have their own separate families and households, each of which is a separate domestic unit in itself. While it is perhaps true that in situations like the one here presented the master or employer exercises a wider dominion over various activities of the servant or employee and his family than is ordinarily the case, yet there is no proof here that the households of these two men were under the same domestic control. They were situated in two separate houses, and in the absence of evidence to the contrary we think it a warranted conclusion that Parris was the head of his own household and exercised the same autonomy with regard to matters of a purely domestic nature therein that the defendant may be presumed to have exercised with regard to matters of a similar nature in his household, although life in the Parris house-

hold may be substantially affected or influenced by the control exercised by the defendant as Parris' landlord as well as his employer.

In view of the foregoing considerations, we are impelled to hold that no valid service was obtained upon the defendant by leaving with his servant, Alex Parris, a copy of the alias summons issued for him in the manner hereinbefore described. The judgment of the trial court in sustaining the defendant's motion to quash said summons and the service thereof is therefore affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.