## John Kamp, Appellee, v. William H. Bartlett et al., Appellants.

1. PRACTICE—*section 13 of act pertaining to service upon non-resident partnerships construed. Held,* that the word ''non-residents'' as used in this section of the Practice Act applied as well to non-residents of the county as to non-residents of the State. Watson v. Coon, 247 Ill. 414, followed.

2. PLEADING—*nature of plea to jurisdiction.* A plea to the jurisdiction of the court is a meritorious plea and is not, strictly speaking, a plea in abatement although it is in the nature of such a plea.

3. PLEADING—*when requiring plea to merits error.* A party who files a plea to the jurisdiction of the court over his person is entitled to have

the issue presented by such plea determined by a jury and before such issue has been determined it is error for the court to require a plea on the merits, and the fact that a plea to the merits is filed pursuant to such an order, does not estop the party injured from assigning error.

4. WAIVER—*what does not waive plea to jurisdiction.* Held, that a plea to the jurisdiction duly filed was not waived (a) by agreement that the case should be passed at the defendants' costs, or (b) by the filing of an affidavit of the non-residence of a material witness, or (c) by a motion for leave to amend such plea to the jurisdiction; each of said steps having been taken with reference to the pending plea but without a limitation as to the purpose of appearance.

Trover. Appeal from the Circuit Court of De Witt county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1910. Reversed and remanded. Opinion filed May 26, 1911. Rehearing denied October 24, 1911.

GEORGE P. MERRICK and WILLIAM C. McHENRY, for appellants.

RAY & DOBBINS and HERRICK & HERRICK, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a suit in trover by appellee, John Kamp, against the appellants, William H. Bartlett, Frank P. Frazier, William T. Carrington, James A. Patten, George W. Patten, Henry J. Patten, Charles B. Pierce, John Grier and William F. Zeller, partners doing business as Bartlett, Frazier & Carrington, to recover the value of certain corn and oats alleged to have been stored by appellee in an elevator or warehouse conducted by appellants at Tolono, Champaign county, Illinois. In pursuance to a *praecipe* filed October 17, 1908, a summons was issued out of the circuit court of DeWitt county directed to the sheriff of said county to execute by serving the same on said appellants, and on October 19 said sheriff returned said writ as having been duly served on appellants by reading the same to

and at the same time delivering a true copy thereof to Amos Weedman, agent of said co-partnership, at its place of business in DeWitt county. It further appeared from the return on said summons that the appellants constituting the co-partnership were non-residents of, and were not found in DeWitt county. On October 30, 1908, appellee filed his declaration, and on November 16 following, appellants filed their plea to the jurisdiction of the court, wherein they averred that before and at the time of the commencement of the action the appellants, excepting John P. Grier, William T. Carrington and William F. Zeller, were and each of them was and from thence thitherto had been, and then still were, residing in the county of Cook in the State of Illinois and not in the county of DeWitt, and that the said Carrington, Grier and Zeller were and each of them was at the time of the commencement of the action and from thence thitherto had been and then were non-residents of the State of Illinois; that appellants were not nor were any of them found or served with process in DeWitt county but that service was pretended to have been had on them by process served upon one Amos Weedman, an agent of a co-partnership known as Bartlett, Patten & Company, but not an agent of the co-partnership doing business as Bartlett, Frazier & Carrington.

On November 17, following, appellee filed three additional counts to his declaration. Under date of November 18, 1908, there appears in the clerk's record of the proceedings in this case an entry, as follows: "And now on this day come the parties to this cause and by agreement here made in open court this cause is passed at the defendants' costs. Therefore it is considered by the court that the plaintiff do have and recover of and from the defendants in form as aforesaid by the order of the court his costs and charges in this behalf expended." On November 21 appellants limiting their

appearance for that purpose and purporting to have obtained leave of court so to do, filed their amended plea to the jurisdiction of the court wherein they averred the same facts stated in their original plea, omitting however the averment that Amos Weedman was an agent of a co-partnership known as Bartlett, Patten & Company, and further averred that the said Weedman was not at the time of said service of said process upon him, nor had he been at any time since said service of said process upon him, an agent of the appellants, partners doing business as Bartlett, Frazier & Carrington.    Thereafter appellee by his several replications replied to said plea as follows: First, that the said appellants were engaged in business as a co-partnership, at the time of the service of said process, under the firm name of Bartlett, Frazier & Carrington, doing business in the said county of DeWitt, and that Amos Weedman was the agent of said co-partnership within said county and state at the time service of the said process in this cause was had upon him; second, that it was not true that the said firm of Bartlett, Patten & Company was any other or different than the said firm of Bartlett, Frazier & Carrington, or that the said agent of the said firm of Bartlett, Patten & Company was any other than the agent of the appellants, and was transacting the business of the said appellants under the firm name and style of Bartlett, Patten & Company; third, that, on to-wit, the —— day of November, A. D. 1908, the same being one of the regular days of the November term, A. D. 1908, of the circuit court of the said county of DeWitt, appellants, by their attorneys, did then and there, without limiting or in any wise restricting their appearance in said cause, enter their motion in said court before the trial judge thereof, asking for leave of said court to amend the plea theretofore filed by said appellants in said cause in said court, whereby said appel-

lants did then and there submit themselves to the jurisdiction of said court, etc.; fourth, that since the filing of said plea, and on, to-wit, the 23rd day of November, A. D. 1908, the same being one of the regular days of the November term, A. D. 1908, of the circuit court of said county of DeWitt, said cause was called for trial on the issue made by the appellants' said plea, and appellants not then and there being ready for trial, said cause was, by agreement of the parties, then and there made in open court, without any of said parties in any wise restricting or limiting their appearance in said cause, passed by the said court at the cost of appellants, all of which will appear by the record thereof in said court remaining etc. On December 11, 1908, appellants further amended their plea to the jurisdiction by averring that at the time of the alleged service of said summons, the firm of Bartlett, Frazier & Carrington did not have a place of business in DeWitt county. On December 28, 1908, a trial by jury upon the issues made by the plea to the jurisdiction and the replications thereto resulted in a verdict for the appellee, which verdict was thereafter set aside by the court and a new trial awarded upon such issues. On June 21, 1909, appellee filed an additional replication to appellants' plea to the jurisdiction wherein appellee averred that since the filing of said plea and on, to-wit, the 23rd day of November, A. D. 1908, the same being one of the regular days of the November term, A. D. 1908, of the circuit court of the said county of DeWitt said cause was called for trial on the issue made by the appellants' said plea, and thereupon by the agreement of the parties then and there made in open court, without any of said parties to said cause in any wise restricting or limiting their appearance in said cause, said cause was passed by the said trial court at the cost of appellants and there and then the court did render judgment against appellants for said costs, whereby,

etc. The replication was not signed by appellee or by his counsel. On July 17, 1909, appellants limiting their appearance for that purpose moved the court to strike said additional replication from the files, which motion was denied by the court, and upon its own motion the court ruled appellants to plead to the merits. Thereafter, appellants' motion, under their special and limited appearance, to set aside the order requiring them to plead to the merits was denied and appellants thereupon protesting that the court should not take jurisdiction of their persons, and in obedience to the rule entered against them to plead to the merits, filed their plea of the general issue. A trial of the cause upon the merits resulted in a verdict and judgment against appellants for $3332.81.

It is first urged on behalf of appellants that, conceding Weedman was their agent in DeWitt county, at the time service of summons was had upon him, such service did not give the court jurisdiction of their persons, because they were then and since, all non-residents of said county. In other words appellants insist that the word ''non-residents'' as employed in section 13 chapter 110 of the Revised Statutes, which provides for the service of process upon a co-partnership, the members of which are all *non-residents*, by service of process upon an agent of such co-partnership within this State means non-residents of the state and not non-residents of the county in which such co-partnership has a place of business. Upon this point it is sufficient to say that since this appeal was taken this court has held that the word ''non-residents'' as employed in the section of the Statute in question, means non-residents of the county as well as non-residents of the State, and that such holding was affirmed by the Supreme Court in Watson v. Coon, 247 Ill. 414.

On behalf of appellee it is insisted that the appellants had submitted their persons to the jurisdiction of the court by entering their general appearance in the cause,

and that the action of the circuit court requiring appellants, in consideration thereof, to plead to the merits was proper. In support of this insistence appellee relies, first, upon the recital in the record under date of November 18, 1908, heretofore quoted, to the effect that on that day came the parties to said cause and by agreement there made in open court said cause was passed at the defendants' costs; second, that on November 25, 1908, one of the attorneys for the appellants without specially limiting his appearance for that purpose made and filed his affidavit of the non-residence of a material witness whose deposition was desired; and third, that appellants without specially limiting their appearance moved the court for leave to amend their plea to the jurisdiction.

A plea to the jurisdiction of the court is a meritorious plea and is not, strictly speaking, a plea in abatement, although it is in the nature of such a plea. Safford v. Sangomo Ins. Co., 88 Ill. 296.

At the time the agreement was entered into by appellants that the cause might be passed at their costs, the only plea filed by them was their plea to the jurisdiction and the issues of fact raised by said plea were the only issues then presented for trial. The said agreement was referable solely to the cause upon such issues and did not operate as a waiver by appellants of their plea to the jurisdiction, or amount to a general appearance by them whereby the court acquired jurisdiction of their persons. That appellee understood said agreement was referable solely to the issues raised by the plea to the jurisdiction is apparent from an inspection of the replication to said plea wherein it is expressly set forth that said cause being called for trial on the issue made by said plea and appellants not then and there being ready for trial, said cause was by agreement of the parties passed by the court. The record does not disclose that appellants consented to the entry

of a judgment against them for costs, but merely that the cause would be passed at their costs. In contemplation of law the costs in a proceeding are paid as they accrue.

The affidavit of one of the attorneys for appellants as to the non-residence of a material witness who deposition was desired, cannot be held upon this record to have constituted a general appearance by appellants. It was stipulated by the parties that the testimony of the witness in said deposition was solely upon the question raised by the plea to the jurisdiction.

Appellants' motion for leave to amend their plea to the jurisdiction was referable solely to said plea and did not operate to waive said plea. Pooler v. Southwick, 126 Ill. App. 264.

Appellants were entitled to a trial by jury upon the issues of fact raised by their plea to the jurisdiction of the court over their persons, and the court improperly required them to plead to the merits until such issues were determined. The order of the court requiring appellants to plead to the merits was equivalent to a judgment *quod respondeat ouster,* and the fact that in response thereto they pleaded over to the merits does not estop them from assigning for error the said judgment of the court. Brotherhood of Firemen v. Cramer, 164 Ill. 9.

The foregoing conclusions render it unnecessary to consider and determine the other errors assigned.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views here expressed.

*Reversed and remanded.*

Mr. Justice Philbrick took no part.