Joseph P. Lewis et al., Appellees, v. West Side Trust and Savings Bank et al., Defendants. Frances S. Spoor, Appellant.

Gen. No. 38,695.

Opinion filed June 22, 1936.

ALLEN G. MILLS, of Chicago, for appellant.

GOLD & LIEBMAN, of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This case comes to this court on an appeal from a judgment entered in the superior court for the sum of $12,400 against one of the defendants, Frances S. Spoor, and in favor of S. D. Tannebaum as receiver for the use and benefit of all creditors of the West Side Trust and Savings Bank of Chicago. The amount of the judgment was the full amount of the added constitutional liability of Frances S. Spoor as a stockholder in the West Side Trust and Savings Bank of Chicago.

A so-called special appearance of defendant was entered for the purpose of questioning the service of the summons by the process server. One Harold Cohen had by proper order been named to serve the summons on defendant. The return of said process server reads as follows:

"I have duly served the within summons upon each of the following within named defendants by leaving, on the date first set forth after his or her name, a true copy of the said summons at his or her usual place of abode with the person of his or her family of the age of ten years or upward whose name is set forth after

the name of such defendant, at the same time informing said member of the family of the contents of the said summons; and I did also upon the date secondly set forth after each of said names when said summons was served send a copy of said summons, in a sealed envelope with postage fully prepaid, addressed to said defendant at his or her usual place of abode:

| Name | Person with Whom Left | Date Served | Date Mailed |
|------|----------------------|-------------|-------------|
| Francis Spoor | Jane Doe (housemaid) | 10/5/34 | 10/11/34." |

On November 3, 1934, there was filed the appearance, motion and affidavit, of the said defendant, as follows:

"This defendant in her own proper person, appears especially and moves the court to quash service of process in this action as to herself upon the grounds that this defendant was not served with process in this action and that the return of the sheriff, or process server, upon the summons in this cause is false. In support of said motion defendant attaches hereto her affidavit."

"STATE OF ILLINOIS, } ss.
  COUNTY OF COOK, }

"Frances S. Spoor, being first duly sworn, says that she was not personally served with a summons in this cause, either by the sheriff of this county or by any other person authorized to serve process but states upon information and belief that the alleged service of summons was made in the following manner, viz.: by some unknown party calling at the residence of this defendant, in the absence of this defendant, and handing what purports to be a copy of a summons in this cause to a maid-servant who answered the door. This defendant further states, of her own knowledge, that no service of the purported summons has been made

at any time, upon this defendant, either by leaving a copy thereof with this defendant personally, or by leaving such copy at her usual place of abode, with some person of the family of the age of ten years or upwards, and informing such person of the contents thereof. This defendant states, of her own knowledge, that she has not been given an opportunity to examine the return of the summons by the sheriff, or the process server, due to the sheriff's or process server's failure to return the summons within the time required by the Statutes of Illinois.

FRANCES S. SPOOR.

"Subscribed and sworn to before me, this 3rd day of November, A. D. 1934.

"(SEAL) RICHARD S. BENNETT, Notary Public."

On November 14, 1934, the summons, having indorsed on it the return of service upon the defendant Frances S. Spoor, was filed.

On April 18, 1935, a hearing was had on the motion to quash (which had been filed on November 3, 1934), and an order was entered denying the motion and ruling the defendant to plead within 20 days, from which an appeal was prayed to this court.

On October 4, 1935, the Appellate Court dismissed defendant's appeal because the order appealed from was not final.

On October 16, 1935, a certified copy of the order of dismissal was filed by complainants in the office of the clerk of the superior court, and on the same day a notice was served by complainants upon the attorney for Frances S. Spoor, that complainants would appear on October 17, 1935, and ask for an order of default against her. Counsel for the defendant appeared in response to the notice and resisted the motion, stating that his client was out of town and that he wanted to

confer with her. Thereafter the motion was withdrawn until service of the notice in writing was had upon defendant's counsel that the certified copy of the Appellate Court order dismissing the appeal had been filed.

On October 18, 1935, the motion was again presented and defendant represented by counsel resisted the motion for an order of default. At the request of counsel for the defense the court offered to give counsel for defendant 10 days within which he might plead. He then requested that the order read that "the ten days is on the order of the Court and not on my motion." The court said the motion should not be written up as the court's motion, and thereupon the court entered an order ruling the defendant to plead, answer or demur instanter.

On October 19, 1935, complainants, by counsel, served notice on counsel for the defense that on October 21, 1935, they would appear and ask for an order of default against the defendant for failure to plead, answer or demur and on that date a decree was entered fixing defendant's liability as a stockholder at $12,400, as heretofore stated.

The defendant has not stated its theory of the case, as is required by the rules of this court, nor is there any error assigned to the entry of the decree by the court below.

Plaintiff's theory of the case is, first, that the service and return are good. Second, that if there were any deficiencies in the return they were cured by the affidavit filed in support of the motion to quash. Third, that the motion to quash was insufficient and improper. Fourth, that the failure of the defendant to assign the final decree as error requires the affirmance of the decree. Fifth, that the motion to quash, having actually been filed by an attorney, constituted a general appearance and amounted to a waiver of any objection

to jurisdiction over the person; and sixth, that various acts of the defendant's counsel in the court of the proceedings amounted to a general appearance on her part, precluding her from raising the question of jurisdiction over her person.

The return of the process server shows that the summons was served upon Jane Doe, a housemaid of the defendant, at her usual place of abode. The affidavit of the defendant here shows that the summons was served upon her housemaid at her usual place of residence. A maid servant is a member of the family. *Race v. Oldridge,* 90 Ill. 250. We do not think the particular name of the maid is of much importance except to identify her as the servant of the defendant, which fact is admitted here. Therefore, the service of the summons was in compliance with the statute. The special appearance of defendant by her counsel and the motion thereon were resisted and the defendant asked a continuance of the defense for 10 days in order to secure the presence of his client who was out of town. This motion, or objection, or request for a continuance against the entry of the judgment, was invoking the general jurisdiction of the court and, in doing this, defendant submitted herself by her counsel to the jurisdiction of the court, so that the special appearance became general. This was subsequently amplified by appearing before the court for a rule on plaintiff to file certified copies of exhibits, documentary evidence, etc.

As to the affidavit of denial of service, the Supreme Court in the case of *Marnik v. Cusack,* 317 Ill. 362, at page 363, said:

"Where a sheriff or other officer has made a false return, whether wrongfully and intentionally or innocently by mistake, relief may be granted by a court of equity or law, according to the circumstances, to the person injured by the false return, against the con-

sequences, and this has frequently been done. (*Owens v. Ranstead*, 22 Ill. 161 . . . .)  The stability of judicial proceedings, however, requires that the return of an officer made in the due course of his official duty and under the sanction of his official oath should not be set aside merely upon the uncorroborated testimony of the person on whom the process has been served but only upon clear and satisfactory evidence. *Davis v. Dresback*, 81 Ill. 393; *Kochman v. O'Neill*, 202 Ill. 110.''

From the facts before us we are of the opinion that the defendant Frances S. Spoor has not proven by clear and satisfactory evidence that summons was not served upon her as provided by statute or that the court did not have jurisdiction of her person at the time of the entry of said judgment, and for the reasons given in this opinion the judgment of the superior court is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.