Jessie Greer, Skelly Oil Co., Suzanne Laforce Baber, et al., Plaintiffs-Appellees, v. Florian Ludwick, et al., Defendants-Appellants, and Virgil I. Helgen, Petromin Corp., et al., Defendants.

Gen. No. 67–60.

Fifth District.

September 27, 1968.

Zimmerly & Johnson, and Walter R. Stewart, of Champaign, for appellants.

Joseph R. Hale, of Shawneetown, and Loy & Cochran, of Fairfield, for appellees.

EBERSPACHER, P. J.

Plaintiffs filed their unverified complaint in February 1965, alleging that in 1961 certain of them had executed and delivered certain leases for oil and gas to defendant Petromin Corporation, and that by assignment some of the defendants, including the five (5) appellants herein, owned or claimed to be owners of record of the working interests and overriding royalty interests in the leases. The complaint further alleged that the primary terms of the leases had expired, that neither oil nor gas was being produced from the leased premises, and that no operations had been carried on since January 1964, and that the lessees and their successors, including appellants, had abandoned the leases and neglected to cause the same to be released of record. The complaint was based on the provisions of the statutes [1] although no reference is made to the statute in either the complaint or decree. Plaintiffs prayed for an order declaring the leases forfeited and ordered to be released of record and that certain of defendants including appellants be assessed all costs including reasonable attorney fees.

On the date of filing the complaint, an affidavit of non-residence of numerous defendants, including appellants,

---

[1] An Act for the purpose of compelling oil or gas leases, when forfeited, to be released of record and providing a penalty therefore. Ill Rev Stats, c 80, § 40.

30

each of whom are nonresidents, was filed; publication was made and a certificate of mailing notice by publication was filed. Each of appellants received a copy of the published notice and each wrote to the clerk of the court. In substance each of the letters admitted ownership of fractional working interests in the leases and each letter expressed the writer's concern and denial of any intention to abandon such interests; certain of the letters refer to an "operator's agreement" and none of the letters mention defendants Helgen or Petromin Corporation by name. Each of the letters was filed by the clerk, before the default date, stated in the notice as being March 29, 1965. After the default date, on March 30, 1965, the clerk wrote each of appellants acknowledging receipt of his or her letter and informed each:

> ". . . that this is not sufficient as an answer in the above case. If you want to be represented in this matter you must get an attorney of record and file an answer to the same. The filing fee is $5.00 which must be paid when the answer is filed."

Defendants Helgen and Petromin Corporation were personally served with summons.[2] On March 24, 1965, an answer was filed on their behalf which asserted among other things:

> "said Petromin Corporation being the operator of the leases described in said complaint, and under the operating agreement between defendant, Petromin Corporation and the other defendants named herein, Petromin Corporation being duly authorized to answer this suit on behalf of all of the defendants named herein who own working interests in the leases described in said complaint, this answer being on be-

---

[2] Defendant Helgen was the president of Petromin Corporation.

half of all of said working interests owners through Petromin Corporation."

None of the appellants, whom the complaint alleged to be owners of the working interests and overriding royalty interests in the leases, are designated by name in the answer. The answer is signed "Virgil I. Helgen, Petromin Corporation, as operator of said leases and Representative of all of the owners of working interests in said leases" by "Their Attorney."

Pursuant to notice given the attorney of record of Helgen and Petromin Corporation, the cause was set for trial and heard on July 6. None of these defendants-appellants received any notice of the setting and none of them were present in person or by attorney at the trial; neither was Helgen nor any other representative of Petromin Corporation.[3] The record is barren of any rule on defendants-appellants to answer or otherwise plead to the complaint, nor is there any showing the defendants-appellants were defaulted, although certain other defendants were defaulted for want of answer. On the same day the complaint was amended by interlineation; the amendment does not appear on the face of the complaint in the record, and the record is barren of any showing that defendants-appellants had notice of any proposal to amend or amendment. On the same day the court entered its decree on the amended complaint, in which are recited words to the effect that these defendants-appellants had answered, granting plaintiffs the relief prayed, declaring a pumping unit, casing, rods and tubing, and tanks used in connection with a formerly producing oil well on the premises, abandoned by the defendants, to be the sole property of one of plaintiffs, and decreeing judgment

---

[3] In a post-trial motion Helgen swore that the attorney who filed the Answer of Helgen and Petromin was retained only to file pleadings and not to try the cause.

against the defendants jointly and severally, in the amount of $1,043 and costs.

A post-trial motion was filed by defendants Helgen, individually, and Petromin Corporation, and "defendants herein who are working interest owners" with certain defendants other than defendants-appellants, excepted, which recited "said Petromin Corporation being duly authorized to file this motion on behalf of the defendant working interest owners herein except those named." Again, the record is barren of any proof of service with respect to notice of the hearing on the post-trial motion, to anyone other than plaintiffs. Plaintiffs' attorney filed his personal counteraffidavit to the post-trial motion, serving a copy by mail on the law firm who had filed the post-trial motion. On September 21 the post-trial motion was heard, and a docket entry "Decree amended as to last paragraph. Otherwise, Post-trial motion denied" was made on that day. The last page of the decree shows a modification by interlineation excepting defendant Helgen personally, as a judgment debtor with respect to money judgment of $1,043 and costs.

Within two years of the entry of the decree, appellants filed their petition to vacate the decree verified by their attorney on information and belief and supported by the affirmative affidavit of Helgen. Appellants alleged therein that each of them had entered their appearance in their own proper person by their letters which had been filed by the clerk of the court and admitted receiving the letter of the clerk; that the answer of Helgen and Petromin purported to represent that by virtue of an operating agreement between the corporation and certain defendants, Petromin Corporation was authorized to answer the complaint on their behalf and that no copy of such operating agreement was annexed to the answer; that the law does not permit a corporation to engage in the practice of law, nor to act in any representative capac-

ity as an attorney at law; that appellants had neither authorized nor ratified Petromin's attorney to enter their appearance or plead on their behalf; that appellants received no notice of the trial and were not represented by any attorney authorized to represent them; and that their property rights were disposed of without due process of law. In addition, their petition alleged that the decree, subsequent to its entry had been amended by interlineation which purported to be a correction or modification nunc pro tunc, and that the clerk had certified such decree which showed no such correction by modification or interlineation as was reflected on the decree on file with the court; that the docket entries did not support the correction or interlineation now reflected on the decree; and that the decree was not properly amended nunc pro tunc, and the decree was a nullity by reason of the interlineation.

Plaintiff then filed an unverified motion to strike the petition to vacate the decree and the affirmative affidavit in support thereof, in which it was alleged that the petition was insufficient, that petitioners were guilty of laches, alleged no valid or meritorious defense to the original complaint, and the inadequacy of the verification and affidavit to support the petition. Hearing was had on the motion to strike the petition to vacate; [4] the trial judge allowed the motion to strike and entered his order dismissing the petition to vacate the decree, from which said order, appellants appeal.

Appellants' theories on appeal are: (1) That because they had been served by publication and had filed their respective appearances pro se, and no rule to plead had

[4] Although not shown in the record, appellants have represented to this Court, by both their brief and oral argument, that appellant Betts was present at the hearing and offered to testify as to the matters set forth in the petition to vacate, but the trial court declined to hear him; this is not denied by appellees.

34

been entered against them nor was any default taken against them, they were entitled to answer the complaint and to notice and an opportunity to be heard on the merits. Since they received no notice of the hearing on the complaint or on the post-trial motion, and since they had no opportunity to be heard on the merits of either, the decree and order entered by the trial court effectively deprived them of their property and property interests without procedural due process; and (2) That because the decree of July 6th, 1965, was amended on its face by interlineation at some time after it was entered, and because the docket minutes in support thereof do not describe with certainty the nature of the amendment, and because they had no notice of the hearing on the post-trial motion, and because the attempted modification prejudices them, the decree is, in these premises, a nullity.

Appellees in answer contend that the trial court properly dismissed the petition to vacate because although filed within two years it fails to comply with the other requirements of section 72 of the Civil Practice Act; urging the insufficiency of the verification on information and belief, and certain inconsistencies between the affirmative affidavit of Helgen and the record, and the failure to allege a meritorious defense to plaintiffs' complaint, and that appellants are guilty of laches.

Appellants contend in their briefs that the issue here on appeal (and the only appeal is that taken by defendants-appellants) is that the decree of July 6, 1955, is *void* for want of procedural due process. Appellees have ignored the want of procedural due process argument. Proceeding on the *void* judgment theory, appellants point to section 72 of the Civil Practice Act (c 110, § 72, Ill Rev Stats) and particularly (7) thereof which states:

"Nothing contained in this section affects any existing right to relief from a void order, judgment

or decree, or to employ any existing method to procure that relief,"

as well as to cases [5] holding that an attack on a *void* judgment need not necessarily be brought under section 72, and can be brought at any time, even though theirs was brought within the 2 years prescribed by section 72.

██ No one contends that the court lacked jurisdiction of appellants or of the subject matter, or that it had no power to grant the relief prayed in the complaint; the court undertook to modify the decree within the 30-day period in which it had jurisdiction. Under such circumstances we reject the theory that the decree was *void* in the first instance and was rendered *void* by its modification without notice to the prejudice of appellants, and without adequate docket minutes to support such modification.

██ We are therefore of the opinion that appellants' relief, can only be granted under a section 72 motion, as that section has been interpreted by our Supreme Court in Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348, and Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350. Both those cases involved the question of granting a section 72 motion to vacate default judgments; in Ellman the entry of which resulted from an error of fact and excusable mistake; in Elfman the entry of which resulted from admitted neglect and excusable mistake. Both cases point out in the language of Justice Solfisburg in Elfman, that a section 72 petition "invokes the equitable powers of the court, as justice and fairness require, to the end that one may not enforce a default judgment attended by unfair, unjust or unconscionable circumstances." There, too, it was pointed out that while litigants have a duty to follow the record, "it is

---

[5] In re Petition of Stern, 2 Ill App2d 311, 313, 120 NE2d 62; Barnard v. Michael, 392 Ill 130, 135, 63 NE2d 858.

essential to the proper administration of justice that proper notice shall be given of steps proposed to be taken." Those cases, the statute itself, and the development and scope of the procedure are remarkably analyzed and discussed by Judge Charles H. Davis, of the 2nd District Appellate Court, in his article entitled "The Scope of Section 72 of the Civil Practice Act" appearing in 55 Ill BJ 820 (June 1967). At page 830 he points out:

> "There is no apparent reason why the philosophy of Ellman should necessarily be limited to default judgments or the other circumstances herein enumerated. The trial court has the power in a proper case—where it is necessary to prevent injustice—to set aside its judgment pursuant to the provisions of Section 72.
>
> . . . . . .
>
> "It is well that the limits under which relief may be granted pursuant to Section 72 are not precisely defined and have not yet been plumbed. Such boundaries should be flexible to afford growth and development under the philosophy that the desire to achieve substantial justice, viewed in the perspective of the importance of the finality and stability of judgments, will indicate when relief from judgments may be granted."

Equivalent motions have been used as a procedural device to prevent injustice by making possible the vacation of a judgment entered without notice to a party where the circumstances were such as to require specific notice or where mistake has the effect of preventing a litigant from making his defense. Ellman v. De Ruiter, supra.

Appellants contend that they appeared in their own proper person by their letters which were filed by the clerk before the default date and that they were not

on any occasion represented by attorney and that any suggestion that Petromin Corporation was entitled by contract to represent them is prohibited by positive law. The record is barren of any showing of Petromin's authority to either retain counsel for or represent these appellants, other than the recital in Petromin's pleadings.

We note that the attorney who drafted the answer of Petromin was careful to not represent to the court that he represented these appellants, only representing that he represented Helgen and Petromin and that the latter was authorized to answer on behalf of other defendants. We have no doubt that appellants' letters, although they were part of the files in the cases and were inconsistent with the representations of Petromin's answer, and the allegations of the unverified complaint, were not called to the attention of the trial judge, at either the trial or the hearing on the post-trial motion, and thus lead the trial judge to fail to enter a rule on appellants to answer and to approve a decree which did not default them, but which provided that they had answered, and to conclude that they were thus subject to in personam jurisdiction. We also note that the decree did not grant the relief prayed in the complaint "order same to be released of record" nor that granted by the statute [6] "to compel said party to release the same of record" by "directing the release."

■ The assertion of authority suggested by Petromin is contrary to the public policy of this State:

"It shall be unlawful for a corporation to . . . furnish attorneys or counsel or to render legal services of any kind in actions . . . of any nature or in any other way or manner as to convey the impression that it is entitled to . . . furnish attorneys or counsel . . . that either alone or together with, or by or through, any person; whether a duly and regularly

[6] C 80, § 40, Ill Rev Stats.

38

admitted attorney at law or not, it has, owns, conducts or maintains . . . an office . . . for furnishing legal advice, services or counsel." Illinois Rev Stats, c 32, § 411.

The attorney-client relationship does not admit to intermediaries between the attorney and the client. It is obvious from the record that Petromin Corporation was at all times represented by counsel. The corporation, itself, cannot appear for another. Indeed, it may not even appear at all, except by attorney. Remole Soil Service, Inc. v. Benson, 68 Ill App2d 234, 215 NE2d 678. To hold that these defendants-appellants were represented by counsel of record for Petromin Corporation is to say that such counsel, with respect to these defendants, occupied the role of subagent; or, alternatively, it is to say that these defendants were represented by their agents Petromin Corporation and its attorneys, which is unlawful as it classifies a corporation as an attorney-associate. The former result permits a corporation to supervene an attorney-client relationship. Either result is condemned.

Absent any evidence of ratification of the acts of counsel of record for Petromin Corporation and other unnamed defendants, these defendants-appellants cannot be bound by the acts of such counsel. Moreover, the affirmative affidavit of Helgen deposes unequivocally that none of the defendants-appellants was represented by any of the attorneys of record representing affiant or Petromin Corporation, and that they had no knowledge that said attorneys represented Helgen and Petromin Corporation. The record clearly supports these averments. Agency cannot be proved by the words of the purported agent, but there must be corroborative evidence of the agent's authority.

We are of the opinion that the letters of appellants to the Clerk, filed before, on and after the date of the answer of Petromin was filed, and all filed before

39

the default date, constituted appearances pro se on the part of each appellant, as was stated in the motion to vacate. "Any action taken by a litigant which recognizes the case as being in court will amount to a general appearance unless such action was solely to object to the jurisdiction." Widicus v. Southwestern Elec. Coop., 26 Ill App2d 102, at 110, 167 NE2d 799, at 804. The record shows that appellants did not treat the command of the publication notice with indifference. Proceeding without a rule upon them to answer was not necessary to secure justice for the plaintiff. See Sentry Royalty Co. v. Craft, 79 Ill App2d 410, 226 NE2d 282. Filing appellants' respective letters by the clerk, together with his letters to each of appellants expressly demonstrated his intention to waive collection of the required appearance fee until the time answers were filed by appellants. See Oil Well Supply Co. v. Wickwire (DCED Ill) 52 F Supp 921. Such irregularity can vest no right or advantage in plaintiffs. Fundamental fairness requires that notice of trial be sent to nonresident parties appearing in their own proper person.

 ██ The record is void of any notice of hearing either on the trial of July 6, 1965, or on the hearing on the post-trial motion, or on any amendment to the complaint. Appellants were prejudiced by the modification of the decree because Helgen was individually excepted as a judgment debtor and such result inhibits appellants' right of subrogation against Helgen in the event any of them is required to satisfy the money judgment entered against them, jointly or severally. Even a defaulted defendant, when the action is for an unliquidated claim or amount, has the right to be heard on the matter of damages. Elfman v. Evanston Bus Co., supra.

 ██ Plaintiffs contend in support of their motion to dismiss the petition to vacate that appellants were guilty of laches and that no meritorious defense was alleged in their motion. Appellants were within the 2-

year limitation provided by (3) of Section 72; by its enactment the General Assembly has indicated that laches is not applicable to parties who file their motion thereunder within the statutory period. Our Courts have so held. Lingerman v. Elgin, J. & E. Ry. Co., 24 Ill App2d 1, 163 NE2d 854; and cases and authority cited therein. The petition to vacate does not conclusively state that appellants have a meritorious defense; it does, however, specifically call the Court's attention to the letters of appellants which specifically denied abandonment and intention to abandon, and by their content negated forfeiture, the elements on which the complaint was based. We have previously noted that the relief granted plaintiffs was neither the relief provided by statute or that prayed. From the record before us it would appear that the existence of a meritorious defense or defenses was sufficiently called to the court's attention. As was said in Elfman; "But what is more important are those allegations which suggest that an unfair advantage, to say the least, was worked upon the defendant and the court."

While we would agree that the verification of the motion to vacate, on information and belief by counsel was inadequate to sustain the motion, the matters set forth in the Helgen affidavit, even though in conflict with the unverified answer and preface to the verified posttrial motion, were not to be ignored in view of the fact that the record supported the averments. The court below erred in allowing the motion to strike the petition to vacate the decree and in dismissing that petition. The operative facts as reflected by the affidavit and record show facts and circumstances presenting a situation which addressed itself to the equitable powers of the trial court and in justice and fairness appellants should be given an opportunity to answer and defend.

Plaintiffs urge that in no event are appellants entitled to the relief sought, that is vacation of the decree of July 6, 1965, and urge that if the appeal is well taken

41

this Court should only reverse the order dismissing the petition to vacate, thus giving appellees an opportunity to answer the petition to vacate. Our review of the propriety of the dismissal of the petition to vacate has necessarily involved a review of the decree itself as well as the procedural steps involved in its entry and modification. From such review we have determined that appellants were entitled to notice and to plead and be heard. We have found the petition to vacate adequate in view of the operative facts revealed by the record. The interests of neither expediency nor justice could be served by further litigation involving the decree. We, therefore, reverse the order dismissing the petition to vacate and remand the cause with directions to vacate the decree of July 6, 1965, as to appellants, and for such further proceedings as are consistent herewith.

Reversed and remanded with directions.

GOLDENHERSH and MORAN, JJ., concur.