LEONARD DIABER, Plaintiff-Appellee, *v.* CON/CHEM, INC., *et al.*, Defendants-Appellants.

Fifth District   No. 77-350

Opinion filed March 2, 1978.

JONES, J., dissenting.

Del A. Goldenhersh, of Goldenhersh & Goldenhersh, of Belleville, for appellants.

Thomas A. Hill, of Mateyka & Hill, of Granite City, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

Plaintiff, Leonard Diaber, filed a six-count complaint in the circuit court of Madison County against defendants, Con/Chem, Inc., Albert Berger and James Meyer. The complaint was filed on March 2, 1977. On April 7, 1977, defendants appeared specially by their attorneys, Goldenhersh and Goldenhersh, and obtained the following order:

> "Goldenhersh & Goldenhersh hereby enter their special and limited appearance on behalf of defendants. Defendants given 30 days to take some appropriate action."

On May 6, 1977, defendants filed a written "special appearance and motion to quash service of process" and additionally were granted leave by the court to file affidavits in support of their motion within 10 days of that date. Thereafter on May 24, 1977, plaintiff filed an objection to the defendants' motion on the ground that their appearance of April 7, 1977, constituted a general appearance because of the request for a 30-day extension of time to "take some appropriate action." Argument was had before the court which on July 14, 1977, found that defendants, in securing the April 7, 1977, order, thereby submitted to the jurisdiction of the court. Pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1975, ch. 110A, par. 308), defendants bring this appeal.

■■ The sole issue presented is whether the defendants' appearance of April 7, 1977, constituted a general or special appearance. Section 20 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 20) provides in part that:

> "Prior to filing any other pleading or motion, a special appearance may be made either in person or by attorney for the purpose of objecting to the jurisdiction of the court over the person of the defendant. * * * Every appearance, prior to judgment, not in compliance with the foregoing is a general appearance."

In *McKnelly v. McKnelly*, 38 Ill. App. 3d 637, 639, 348 N.E.2d 500, 502, we stated:

> "Any action taken by a litigant which recognizes the case as being before the court will amount to a general appearance *unless such action was taken solely for the purpose of objecting to jurisdiction. (Lord v. Hubert*, 12 Ill. 2d 83, 145 N.E.2d 77; *Greer v. Ludwick*, 100 Ill. App. 2d 27, 241 N.E.2d 4.)" (Emphasis added.)

It follows then that where the only actions taken are taken solely for the purpose of objecting to *in personam* jurisdiction, such will constitute a special appearance and not a submission to the jurisdiction of the court. See *Kamp v. Bartlett*, 164 Ill. App. 338.

■■ In the instant case, the only reference to the April 7 proceeding contained in the record is the order of the court entered on that date. Therefore the actual purpose of defendants in entering their appearance must be inferred by the language of the order. In the order the court first found that defendants had entered a special and limited appearance and then it granted defendants 30 days "to take some appropriate action." Such "action" can only be understood as that which is "appropriate" to the special and limited appearance; that is, for the purpose of objecting to the court's jurisdiction over the persons of the defendants. This view is supported by defendants' subsequent actions in filing a written special appearance and a motion to quash service objecting to the court's jurisdiction, and their request for additional time to file affidavits in support of their motion. Consequently, in orally moving for an extension of time, defendants could only have intended such time solely for the purpose of making their objections to the court's jurisdiction.

We find no reason why a motion for an extension of time for the purpose of raising objections to jurisdiction should operate as a waiver of those objections. Nor do we find that compliance with section 20 of the Civil Practice Act excludes the making of such a motion.

Accordingly, we find that defendants entered a special appearance on April 7, 1977, and we reverse the lower court's order of July 14, 1977, which found to the contrary, and remand for further proceedings consistent with this opinion.

Reversed and remanded.

KARNS, J., concurs.

Mr. JUSTICE JONES, dissenting:
I respectfully dissent.

The majority states that "in orally moving for an extension of time, defendants could only have intended such time solely for the purpose of making their objections to the court's jurisdiction." It is an observation that can be made only by the exercise of hindsight. Upon entry of the order they sought the defendants had a 30-day extension of time to plead and in that 30-day period they could have filed an answer to the complaint or have filed any of a number of motions directed against plaintiff's action. That they chose to attack the court's *in personam* jurisdiction cannot serve as a constriction upon the breadth of the order which permitted defendants to take "some appropriate action."

By their motion for extension of time to plead by "some appropriate action" the defendants recognized the case as being in court and asked the court to invoke its powers and jurisdiction the existence of which it later

denied. The motion sought and obtained a benefit for defendants and worked a detriment (delay) to the plaintiff. This benefit came when the court exercised its jurisdiction in defendants' behalf and granted an extension of time to plead.

I find two cases which are factually similar to the one under consideration and which I consider controlling. In *Welter v. Bowman Dairy Co.*, 318 Ill. App. 305, 47 N.E.2d 739, 744, the trial court entered an order by agreement of the parties which granted defendant an extension of five days to file an appearance and an affidavit of merits.On the designated day the defendant filed its special appearance "for the purpose of filing a motion to quash the service of summons herein upon the ground that this court has no jurisdiction * * * over the person of this defendant by reason of the service of process in this cause." On the same date defendant filed a motion to quash service of summons. The court found that defendant had appeared generally when it obtained the extension of time to appear. It stated:

> "It is manifest that on the return day the defendant appeared and submitted itself to the jurisdiction of the court. * * * No objection to the jurisdiction of the court was voiced on the return day. The order entered on agreement of the parties granting an extension of time to defendant in which to file an appearance and affidavit of merits recognized the jurisdiction of the court for all purposes. * * * An appearance may be entered by making a motion by filing an answer and in other ways. Here the general appearance was entered by the defendant when it joined in procuring an order allowing an extension of time."

The *Welter* court then quoted the following excerpt from *Supreme Hive Ladies of Maccabees of the World v. Harrington*, 227 Ill. 511, 525, 81 N.E. 533, 537:

> "If the defendant appears and makes a motion or files a plea or takes any other step which the court would have no power to dispose of without jurisdiction of the defendant's person, such action on the part of the defendant will be a submission of his person to the jurisdiction of the court and will be a waiver of any objections to the jurisdiction. He cannot, by his voluntary action, invite the court to exercise its jurisdiction and at the same time deny that jurisdiction exists."

In *Lewis v. West Side Trust & Savings Bank*, 286 Ill. App. 130, 2 N.E.2d 976, the defendant contested *in personam* jurisdiction of the court because of an alleged improper service of summons. Defendant's special appearance was:

> " 'This defendant in her own proper person, appears especially and moves the court to quash service of process in this action as to

herself upon the grounds that this defendant was not served with process in this action and that the return of the sheriff, or process server, upon the summons in this cause is false. * * *' " (286 Ill. App. 130, 132, 2 N.E.2d 976, 977.)

When the motion was called for hearing defendant's attorney asked for a 10-day continuance because his client was not present. The motion for continuance was held to constitute a general appearance.

"The special appearance of defendant by her counsel and the motion thereon were resisted and the defendant asked a continuance of the defense for 10 days in order to secure the presence of his client who was out of town. This motion, or objection, or request for a continuance against the entry of the judgment, was invoking the general jurisdiction of the court, and, in doing this, defendant submitted herself by her counsel to the jurisdiction of the court, so that the special appearance became general." 286 Ill. App. 130, 135, 2 N.E.2d 976, 978.

A special appearance to contest jurisdiction is made pursuant to section 20 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 20) and an appearance pursuant thereto is by its terms limited as opposed to general. However, a motion for an extension of time to plead is made pursuant to Supreme Court Rule 183 (Ill. Rev. Stat. 1975, ch. 110A, par. 183) and calls upon the court to exercise powers unrelated to those permitting a special appearance. Accordingly, the motion for an extension of time "to take some appropriate action" must be pursuant to Rule 183 and constitutes a general appearance.

I would affirm the order of the trial court.