**Paul M. NEHRING, Appellant (Defendant Below),**

v.

**John D. RAIKOS, Appellee (Plaintiff Below).**

No. 2–878A254.

Court of Appeals of Indiana, Second District.

Dec. 15, 1980.

William K. Byrum, A. David Stippler, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for appellant.

David L. Martenet, Ober, Symmes, Cardwell, Voyles & Zahn, Robert J. Shula, Bingham, Summers, Welsh & Spilman, Gustin J. Raikos, Raikos & Raikos, Indianapolis, for appellee.

SHIELDS, Judge.

Appellant Paul M. Nehring appeals from the trial court's denial of a motion under Ind. Rules of Procedure, Trial Rule 60(B) to set aside a default judgment.

We reverse.

Appellee John D. Raikos filed a complaint against Nehring, an Illinois resident, on November 29, 1977 seeking to recover attorney fees for services previously rendered. Service of the summons was made by certified mail on December 2, 1977.[1] On December 28, 1977[2] Nehring sent by certified mail, return receipt requested, a *pro se* motion for enlargement of time in which to file an answer. Raikos filed an application for and was granted a default judgment on December 29, 1977. Nehring was not given notice of the application for default judgment although the record shows counsel for Raikos and court personnel were advised by Nehring that the motion for enlargement of time had been sent. The trial court was not informed of the existence of the motion.[3] Counsel for Raikos received a copy of this motion on December 29 upon returning to his office after successfully obtaining the default judgment.

A hearing was held on the issue of damages on January 5, 1978 and damages in the amount of $128,114.41 were awarded to Raikos. At the hearing to determine damages, counsel did not inform the court that it had received a copy of the motion for enlargement of time. Nor did court personnel inform the judge that they had been told the motion had been mailed. Nehring filed his motion for relief from judgment on February 10, 1978, which was denied by the court following an evidentiary hearing.

Nehring timely perfected this appeal alleging the trial court abused its discretion in denying relief from the default judgment. We agree.

T.R. 55(B) provides in pertinent part:

---

1. There is some confusion in the record as to when the summons was actually delivered to Nehring. Nehring maintains he did not receive it until December 5. Raikos asserts the date of delivery was December 1. However, the trial court found that service was made on December 2 and there is evidence in the record to support this finding.

2. Nehring asserts the motion was mailed on December 27; however, the record supports a finding that it was mailed on December 28.

3. The Rules of Practice and Procedure of the Marion County Circuit and Superior Courts, Rule 29(C) provides:

   "(C) Certification for default. When a default judgment is sought, plaintiff or his counsel must certify to the Court in writing that to their knowledge no pleading has been delivered to them by the defendant or his attorney nor any appearance entered or is *proposed to be entered on behalf of the defendant.*" (Our emphasis)

"In all cases the party entitled to a judgment by default shall apply to the court therefor; . . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application."

Here, Nehring had filed[4] a motion for enlargement of time prior to the application for default judgment. The motion for enlargement of time was not timely under T.R. 6(A), (C), and (E). However, T.R. 6(B)(2) provided Nehring with the right to file the motion and, with a showing of excusable neglect, have it receive the trial judge's consideration. Having filed the motion, he appeared in the action. *See Greer v. Ludwick*, (1968) 100 Ill.App.2d 27, 241 N.E.2d 4; 6 C.J.S. Appearances § 18. In other words, a party in default may nevertheless thereafter appear in the action for whatever purpose. Thus, in *Clark County State Bank v. Bennett*, (1975) 166 Ind.App. 471, 336 N.E.2d 663, this court held the purpose of the three day notice requirement of T.R. 55(B) is

"to provide the defaulting party with the opportunity to appear and demonstrate to the court reasons why its discretion should be exercised in favor of proceeding to trial on the merits."

Ind.App. at 478, 336 N.E.2d at 667.

Therefore Nehring, having appeared, was entitled to be served with written notice of the application for judgment at least three days prior to the hearing on the application. The entry of a default judgment without such notice has been held reversible error. *Protective Insurance Co. v. Steuben*, (1977) Ind.App., 370 N.E.2d 406; *Northside Cab Co., Inc. v. Pennman*, (1973) 156 Ind.App. 577, 297 N.E.2d 838.

Here, we acknowledge the trial court did not receive the motion for enlargement of time and had no knowledge of its existence until the hearing on the T.R. 60(B) motion.[5] Therefore, we do not find that the trial court, acting upon the representations of Raikos and counsel, abused its discretion in entering the default judgment. However, we find the trial court abused its discretion in denying relief from the default judgment when it was fully apprised of the facts and circumstances of this case.

Judgment reversed and cause remanded for further proceedings consistent herewith.

BUCHANAN, C. J., concurs.

SULLIVAN, J., concurs in result.

4. T.R. 5(E) provides filings by registered or certified mail shall be complete upon mailing, not receipt.

5. The motion for enlargement of time was returned undelivered to Nehring in late January. The envelope was stamped "insufficient address" and handwritten thereon was the notation "what ct." However, the envelope appears to be properly addressed although it did not bear a room number. Also, the summons issued does not contain, in the space provided, any room number of the Superior Court of Marion County.