**Paul M. NEHRING, Appellant**
**(Defendant Below),**

v.

**John D. RAIKOS, Appellee**
**(Plaintiff Below).**

**No. 2–878A254.**

Court of Appeals of Indiana,
Second District.

April 27, 1981.

William K. Byrum, A. David Stippler, Byrum, Gagnon, Diehl & Stippler, Indianapolis, for appellant.

David L. Martenet, Ober, Symmes, Cardwell, Voyles & Zahn, Robert J. Shula, Bingham, Summers, Welsh & Spilman, Gustin J. Raikos, Raikos & Raikos, Indianapolis, for appellee.

ON PETITION FOR REHEARING

SHIELDS, Judge.

John D. Raikos petitions this court to rehear on appeal decided adversely to him on December 15, 1980 in a published opinion appearing at 413 N.E.2d 328, Ind.App.

Although we decline the invitation to rehear the appeal, we find it necessary to clarify our holding due to apparent misconceptions by both parties.

Paul M. Nehring filed a motion for enlargement of time after the expiration of the period specified for filing a responsive pleading. Ind. Rules of Procedure, Trial Rule 6(C). We held that, although Nehring was in default, he could appear in the action and request an extension of time to file a responsive pleading. In accordance with Ind. Rules of Procedure, Trial Rule 6(B)(2), the trial court, in its discretion, could grant the extension and allow the filing of a responsive pleading upon a showing of excusable neglect.

██ We reversed the default judgment because Nehring did just that. He appeared in the action by filing a motion for enlargement of time. Having appeared, he was entitled to written notice of the application for default judgment at least three days prior to the hearing on the application, which notice he did not receive.

██ Contrary to the parties' belief, we did not find that Nehring had demonstrated excusable neglect to justify either the grant of his motion for extension of time or his motion for relief from the default judgment.

Petition denied.

BUCHANAN, C. J., concurs.

SULLIVAN, J., concurring opinion.

SULLIVAN, Judge, concurring.

I concur in the result of our decision of December 15, 1980 reported at 413 N.E.2d 328, Ind.App., and I concur in this decision to deny rehearing on the grounds that when application for default was made on December 29, 1977, Mr. Raikos and court personnel were aware that Mr. Nehring had mailed his Motion for Enlargement of Time. Accordingly, the certification requirements of Rule 29(C) of the Rules of Practice and Procedure of the Marion County Circuit and Superior Courts were not met. The knowledge or expectation that such motion would be mailed by Nehring precluded such certification. It is on this basis that I would deny the Petition for Rehearing.