

**FILED**

Jan 29 2016, 9:57 am

**CLERK**
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEE |
|---|---|
| Carrie A. Greer | Ian Septoski |
| Martinsville, Indiana | Krisor & Associates |
| | South Bend, Indiana |

## I N  T H E
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carrie A. Greer, | January 29, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 55A01-1509-CC-1488 |
| v. | Appeal from the Morgan Circuit Court |
| Discover Bank, | The Honorable Matthew G. Hanson, Judge |
| *Appellee-Plaintiff.* | Trial Court Cause No. 55C01-1508-CC-1365 |

**Najam, Judge.**

## Statement of the Case

Carrie A. Greer appeals the trial court's entry of default judgment against her and in favor of Discover Bank ("Discover"). Greer raises a single issue for our review, namely, whether the trial court erred when it concluded that Greer had been adequately served with a summons and Discover's complaint against her.

However, because Greer did not follow the proper procedure for perfecting her appeal of this issue, we are obliged to dismiss the appeal.

## Facts and Procedural History

On August 5, 2015, Discover filed its complaint against Greer. In its complaint, Discover alleged that Greer had breached her credit agreement with Discover by not making timely payments on her outstanding balance. Discover alleged that Greer owed a principal balance of about $15,000.

On August 12, 2015, the Morgan County Sheriff's Department served Greer with copies of the summons and complaint. According to the serving officer, a copy of the summons and complaint was "left in [the] door" at Greer's address. Appellee's App. at 3. However, Greer failed to appear or otherwise answer the complaint. Discover then moved for default judgment, which the trial court granted. In entering its judgment, the trial court stated that "it appear[s] to the court that the summons herein with the return endorsed thereon[] was issued." Appellant's App. at 9.

Greer received a copy of the default judgment via regular mail. She then requested a stay of the default judgment so that she could pursue an appeal, and the trial court granted her motion to stay. This appeal ensued.

## Discussion and Decision

Greer contends on appeal that she was not adequately served with the summons and complaint and, therefore, the default judgment against her is

void.  *See, e.g.*, *Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*.  But, as Discover points out, Greer did not properly preserve her arguments for our review because she did not first file in the trial court an Indiana Trial Rule 60(B) motion for relief from judgment.

[6]     Indiana Trial Rule 55(C) states that "[a] judgment by default which has been entered may be set aside by the court for the grounds and in accordance with the provisions of Rule 60(B)."  And Rule 60(B)(6) permits a party to move for relief from a default judgment "within a reasonable time" thereafter when, as Greer seems to allege here, that "judgment is void."  As the Indiana Supreme Court has made clear:  "We hold the proper procedure . . . for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside."  *Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 337 (Ind. 1983).  Thereafter, an appeal may be taken from the trial court's ruling on the Rule 60(B) motion.  *Id.*; *see also In re Estate of Carnes*, 866 N.E.2d 260, 264-65 (Ind. Ct. App. 2007) (holding that the appellant's attempt to appeal the entry of default judgment directly, and without first having filed a Rule 60(B) motion in the trial court, was "not properly before us"); *Maust v. Estate of Bair ex rel. Bair*, 859 N.E.2d 779, 783 (Ind. Ct. App. 2007) (same); *Sekerez v. Jasper Cnty. Farm Bureau Co-op Ass'n, Inc.*, 458 N.E.2d 286, 286 (Ind. Ct. App. 1984) (same).

[7]     Greer did not file a Trial Rule 60(B) motion for relief from the trial court's entry of default judgment against her.  Accordingly, her appeal is not properly before us.  *Siebert Oxidermo*, 446 N.E.2d at 337.

[8]     In her Reply Brief, Greer asserts that our dismissal of her appeal is based on a misreading of the court's holding in *Siebert Oxidermo.* But Greer is incorrect; the court's holding is plainly stated and has been relied on as such by this court on numerous occasions.[1] Significant academic authority also agrees with this court's application of *Siebert Oxidermo.* William F. Harvey, 3A Ind. Prac. § 55.11, at 223 (3d ed. 2002) ("Rule 60 . . . must be used after the judgment by default is entered. If there is no trial on the merits, it alone is the method that a party who attacks the judgment must use.").

[9]     Indeed, Greer's appeal demonstrates the wisdom of the *Siebert Oxidermo* holding. In her attempt to prove her argument on appeal, Greer repeatedly asserts that Discover gave the trial court "false information" regarding service of process; that she had not been "notified in any way that there had been an action" against her in the trial court; that "[t]here has been nothing received at [her] address"; that her father lives with her and would have "be[en] there if anyone had attempted to deliver a summons." Appellant's Br. at 1, 5. These assertions are factual allegations that this court is in no position to assess on appeal. It is for the trial court to consider, in its discretion, the merits of Greer's

---

[1] Greer's misunderstanding of the *Siebert Oxidermo* opinion relates to the court's statement that "the holding we reach today does nothing to modify the rule that a Rule 60(B) motion may not be used as a substitute for a direct appeal based upon a timely Rule 59 Motion to Correct Error." *Siebert Oxidermo*, 446 N.E.2d at 337. This statement means that a party cannot file a Rule 60(B) motion in an attempt to toll the time in which the party is required to file a notice of appeal or "to revive an expired attempt to appeal." *Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind. Ct. App. 1980) (*agreed with in Siebert Oxidermo*, 446 N.E.2d at 337). It does not obviate the court's explicit holding regarding the "proper procedure . . . for setting aside an entry of default or grant of default judgment thereon . . . ." *Siebert Oxidermo*, 446 N.E.2d at 337.

allegations, as well as whether Greer's motion to set aside the default judgment was made within a reasonable time.[2] Ind. Trial Rule 60(B); *see Anderson*, 4 N.E.3d at 1205.

[10] In sum, we dismiss the appeal.

[11] Dismissed.

Riley, J., and May, J., concur.

---

[2] We note that our holding does not deprive Greer of the opportunity to obtain relief from an allegedly void judgment. Rather, our holding is simply that her attempt to remedy the alleged error first lies in the trial court through Trial Rule 60.