## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 06 2019, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

Jonathan D. Harwell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

David J. Jurkiewicz
Nathan T. Danielson
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Arthur David Siegle and Karen Lynn Siegle, <br> *Appellants-Defendants,* <br><br> v. <br><br> NextGear Capital, Inc., <br> *Appellee-Plaintiff* | December 6, 2019 <br><br> Court of Appeals Case No. 19A-CC-1467 <br><br> Appeal from the Hamilton Circuit Court <br><br> The Honorable Paul A. Felix, Judge <br><br> Trial Court Cause No. 29C01-1810-CC-9687 |

**Altice, Judge.**

### Case Summary

[1]     Arthur David Siegle and his wife Karen Lynne Siegle appeal the trial court's entry of default judgment against them and in favor of NextGear Capital, Inc.

(Nextgear). The Siegles contend that they had appeared in the action and were thus, pursuant to Ind. Trial Rule 55(B), entitled to be served with written notice of NextGear's application for default judgment at least three days prior to a hearing on the application. The Siegles contend that the trial court improperly entered the default judgment without holding a hearing and without proper notice. This might be true, but because they did not follow the proper procedure for perfecting their appeal of this issue, we must dismiss the appeal.

We dismiss.

## Facts & Procedural History

On October 11, 2018, NextGear initiated this lawsuit by filing a complaint against International Auto Group of South Florida, Inc. d/b/a International Auto Group (Auto Group) and the Siegles. Pursuant to an amended contract, Auto Group had borrowed money on a credit line from NextGear, and the Siegles were personal guarantors. The first three counts of the complaint alleged breach of contract against each defendant and the fourth alleged a conversion claim against Auto Group and Arthur. Arthur and Karen were individually served with the complaint and a summons at their residence in Florida in November.

Thereafter, on March 29, 2019, Arthur, pro se, filed a motion for extension of time to retain local counsel. In the motion Arthur indicated that he was acting on behalf of himself, Karen, and Auto Group. NextGear objected to the motion as to Karen and Auto Group, arguing that Arthur could not file a

responsive pleading for those parties because he was not licensed to practice law in Indiana. On April 15, 2019, the trial court sustained NextGear's objection and granted the motion for extension of time with respect to Arthur only, giving him until May 1, 2019, to answer the complaint.

[5]     On May 23, 2019, NextGear filed a notice of dismissal without prejudice as to defendant Auto Group. This was because NextGear had been unable to locate or obtain service on this defendant. The trial court dismissed Auto Group that same day.

[6]     The next day, May 24, NextGear filed a motion for entry of default judgment as to Arthur and Karen for their failure to answer or otherwise respond to the complaint. NextGear filed supporting affidavits and sought judgment against Arthur and Karen, jointly and severally, for actual damages for breach of guaranty in the amount of more than $8.5 million. Additionally, NextGear sought damages for civil conversion against Arthur in the amount of more than $1.2 million. NextGear served a copy of the motion for default judgment on Arthur and Karen by first class mail.

[7]     On May 28, 2019, without holding a hearing, the trial court granted the motion for default judgment as to the Siegles. The court awarded actual damages from

Arthur and Karen, jointly and severally, in the amount of $8,523,571.52.[1] The Siegles now appeal directly from the entry of the default judgment.

## Discussion & Decision

[8] The Siegles argue on appeal that the default judgment was invalid because no hearing was held and they did not receive the three-day notice required by T.R. 55(B), which provides in relevant part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by a representative, his representative) shall be served with written notice of the application for judgment at least three [3] days prior to the hearing on such application." Further, relying on *Nehring v. Raikos*, 413 N.E.2d 328 (Ind. Ct. App. 1980), the Siegles contend that they had appeared in the action by Arthur's filing the motion for extension of time before NextGear's application for default judgment. *Id*. at 330 (reversing the denial of defendant's Ind. Trial Rule 60(B) motion and holding that defendant had "appeared in the action" by filing an untimely pro-se motion for enlargement of time and, therefore, was "entitled to be served with written notice of the application for judgment at least three days prior to the hearing on the application").

[9] We are not unsympathetic to the Siegles' argument. T.R. 55(B) requires a hearing before a default judgment may be issued. *See Snyder v. Tell City Clinic*, 391 N.E.2d 623, 627 (1979); *see also Standard Lumber Co. of St. John v. Josevski*,

---

[1] $1,225,507.98 of this amount also represented damages against Arthur on the civil conversion claim.

706 N.E.2d 1092, 1096 (Ind. Ct. App. 1999) ("[T]he default judgment was invalid because a hearing was never held."). And the Siegles – or, at a minimum, Arthur – appeared in the action before the application for default by filing the motion for extension of time.

[10] "The language of T.R. 55(B) is not superfluous and strict adherence to the notice provision is required." *Evansville Garage Builders v. Shrode*, 720 N.E.2d 1273, 1277 (Ind. Ct. App. 1999), *trans. denied*. It is well established, however, that the proper procedure for setting aside a default judgment is to first file a T.R. 60(B) motion seeking to have the judgment set aside.[2] *See* T.R. 55(C); *see also Siebert Oxidermo, Inc. v. Shields*, 446 N.E.2d 332, 337 (Ind. 1983); *Greer v. Discover Bank*, 49 N.E.3d 1110, 1111 (Ind. Ct. App. 2016), *trans. denied*. "Thereafter, an appeal may be taken for the trial court's ruling on the Rule 60(B) motion." *Greer*, 49 N.E.3d at 1111.

[11] Because the Siegles did not file a T.R. 60(B) motion for relief from the trial court's entry of default judgment against them, their appeal is not properly before us and must be dismissed. *See Greer*, 49 N.E.3d at 1111 (citing to several cases holding that a direct appeal from the entry of a default judgment is improper). Of course, our holding does not preclude the Siegles from seeking relief by filing a proper T.R. 60(B) motion with the trial court.

---

[2] Default judgments entered without following the requirements of T.R. 55(B) are voidable and generally qualify for relief under T.R. 60(B)(8) (the "catch-all provision"). *See Evansville Garage Builders*, 720 N.E.2d at 1277-78; *Standard Lumber*, 706 N.E.2d at 1096.

Dismissed.

Brown, J. and Tavitas, J., concur.